UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

MIKE LANG, MARK GIANGRECO, )
CHRIS LANG, RON LAVIN, )
TERRY SHOEMAKER, KEN WEISLAK, )
and JOHN WILTGEN, )
                        )
              Plaintiffs, )
                        )
v. )
                        )
BANCPRO, INC., )
                        )
              Defendant. )

**07CV6424**
**JUDGE COAR**
**MAG. JUDGE MASON**

**FILED**

NOV 1 3 2007
11-13-07
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## COMPLAINT

Plaintiffs, Mike Lang, Mark Giangreco, Chris Lang, Ron Lavin, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders"), for their Complaint against Defendant, BancPro, Inc. ("BancPro"), state as follows:

## PARTIES

1.       Noteholder Mike Lang is a citizen of Illinois, residing in the Village of South Barrington.

2.       Noteholder Mark Giangreco is a citizen of Illinois, residing in the City of Chicago.

3.       Noteholder Chris Lang is a citizen of Illinois, residing in the Village of Inverness.

4.       Noteholder Ron Lavin is a citizen of Illinois, residing in the Village of Deerfield.

5.       Noteholder Terry Shoemaker is a citizen of Illinois, residing in the City of Schaumburg.

6.      Noteholder Ken Weislak is a citizen of Illinois, residing in the City of St. Charles.

7.      Notcholder John Wiltgen is a citizen of Illinois, residing in the City of Chicago.

8.      BancPro is a corporation organized under the laws of Colorado with its principal place of business in Arizona.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the claims of Noteholders Giangreco and Mike Lang under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amounts in controversy exceed $75,000, exclusive of interest and costs.  This Court has supplemental jurisdiction over the claims of the remaining Noteholders under 28 U.S.C. § 1367(a).

10.      Venue is proper in this district under 28 U.S.C. § 1391(a).  BancPro is subject to personal jurisdiction, and thus (for venue purposes) resides, in this district, and a substantial portion of the events giving rise to this claim occurred in this district.

## FACTS

11.      This litigation arises out of BancPro's scheme to solicit hundreds of thousands of dollars in loans from a group of Illinois investors.  In response to BancPro's solicitations, the Noteholders, among other Illinois citizens, made numerous loans to BancPro that are evidenced by promissory notes, although some are inaccurate as alleged below.  As part of and in furtherance of BancPro's scheme, BancPro officers and other representatives traveled to Illinois on more than one occasion to solicit additional loans and to negotiate a deferral in payment of existing loans.  BancPro has failed to repay the loans made by the Noteholders, is in default on

2

its obligations under the promissory notes, and thus is liable to each Noteholder for breach of contract.

12.      In addition, despite its promises to do so, BancPro failed, sometimes for years, to deliver promissory notes evidencing certain of the Noteholders' loans. Then, despite that it had agreed that the Noteholders' loans would all be for a term of one year (or less), when BancPro finally prepared the promissory notes corresponding to certain loans, the writings erroneously reflected that the loans were for five-year terms. Due to the delayed delivery of these promissory notes, the Noteholders did not learn of BancPro's insertion of five-year terms until the summer of 2007.

### Noteholder Mike Lang's Promissory Notes

13.      Noteholder Mike Lang is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit A:

| Date | Principal Amount | Term to Maturity |
| --- | --- | --- |
| May 14, 2001 | $20,000 | 6 months |
| September 5, 2001 | $25,000 | 6 months |
| October 9, 2001 | $10,000 | 6 months |
| December 11, 2001 | $30,000 | 6 months |
| March 8, 2002 | $15,000 | 1 year |
| June 21, 2002 | $30,000 | 1 year |
| July 11, 2002 | $20,000 | 1 year |
| July 26, 2002 | $40,000 | 1 year |
| August 6, 2002 | $10,000 | 1 year |
| August 16, 2002 | $40,000 | 1 year |

| | | |
|---|---|---|
| September 3, 2002 | $20,000 | 1 year |
| September 10, 2002 | $10,000 | 1 year |
| September 13, 2002 | $20,000 | 1 year |
| September 30, 2002 | $30,000 | 1 year |
| November 1, 2002 | $30,000 | 1 year |
| November 19, 2002 | $9,000 | 1 year |

14.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 13 is immediately due and payable to Mike Lang.

15.     Mike Lang is also the owner and holder of the following promissory notes made by BancPro that have been lost, destroyed, or stolen:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| May 11, 2001 | $20,000 | 6 months |
| January 2002 | $30,000 | 1 year |
| January 31, 2002 | $30,000 | 1 year |
| February 14, 2002 | $20,000 | 1 year |
| February 22, 2002 | $10,000 | 1 year |
| February 27, 2002 | $35,000 | 1 year |
| February 14, 2003 | $8,500 | 1 year |

16.     Because the promissory notes identified in paragraph 15 have been lost, destroyed, or stolen, the dates listed in paragraph 15 are the dates Mike Lang made payments to BancPro in consideration for the notes, and the notes themselves were typically dated several days later.

17.     Mike Lang was in possession of each of the notes identified in paragraph 15 and was entitled to enforce each of them when the loss of possession occurred. The loss of possession was not the result of a transfer by Mike Lang or a lawful seizure, and each of the notes was destroyed or its whereabouts cannot presently be determined. Copies of the checks made out to BancPro in consideration for the lost, destroyed, or stolen notes identified in paragraph 15 are attached as Exhibit B.

18.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 15 is immediately due to Mike Lang.

19.     Mike Lang is also the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit C:

| Date | Principal Amount | Agreed Term | Stated Term |
|------|------------------|-------------|-------------|
| January 13, 2003 | $10,000 | 1 year | 5 years |
| June 10, 2003 | $3,000 | 1 year | 5 years |
| September 19, 2003 | $15,000 | 1 year | 5 years |
| October 10, 2003 | $7,500 | 1 year | 5 years |
| October 30, 2003 | $5,500 | 1 year | 5 years |
| March 9, 2005 | $30,000 | 1 year | 5 years |
| April 5, 2005 | $30,000 | 1 year | 5 years |
| May 18, 2005 | $30,000 | 1 year | 5 years |
| July 19, 2005 | $20,000 | 1 year | 5 years |

20.     Prior to making the loans reflected in the promissory notes listed in paragraph 19, Mike Lang and BancPro had agreed that these loans would be made on the same terms as Mike Lang's most recent loans to BancPro, including that the unpaid principal and interest on the

loans would become due *after one year.* BancPro, however, failed to deliver the promissory notes corresponding to these loans at the time the loans were made. Later, when it finally did follow through on its promise to prepare promissory notes for these loans, but contrary to the parties' agreement, BancPro inserted into those notes language providing that they would become due and payable *after five years.* Because BancPro delayed delivery of the promissory notes corresponding to these loans, Mike Lang did not learn of their five-year terms until the summer of 2007. BancPro's insertion of five-year terms into the notes was either inadvertent, in which case reformation based on the parties' mutual mistake would be warranted, or constituted fraudulent or inequitable conduct on BancPro's part, in which case reformation based on Mike Lang's unilateral mistake would be warranted.

21.      If the promissory notes identified in paragraph 19 accurately reflected the agreement between the parties regarding the term of these notes, then the unpaid principal and interest due on each of those notes would be immediately due and payable to Mike Lang.

### Noteholder Giangreco's Promissory Notes

22.      Noteholder Giangreco is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit D:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| March 20, 2002 | $50,000 | 1 year |
| March 29, 2002 | $50,000 | 1 year |
| April 8, 2002 | $50,000 | 1 year |
| June 5, 2002 | $50,000 | 1 year |
| August 22, 2002 | $50,000 | 1 year |
| October 4, 2002 | $50,000 | 1 year |

6

23.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 22 is immediately due and payable to Giangreco.

24.     Giangreco is also the owner and holder of several other promissory notes made by BancPro, which are attached as Exhibit E:

| Date | Principal Amount | Agreed Term | Stated Term |
|------|------------------|-------------|-------------|
| December 20, 2002 | $30,000 | 1 year | 5 years |
| August 19, 2003 | $20,000 | 1 year | 5 years |
| September 23, 2003 | $30,000 | 1 year | 5 years |
| November 22, 2005 | $30,000 | 1 year | 5 years |

25.     Prior to making the loans corresponding to the promissory notes identified in paragraph 24, Giangreco and BancPro agreed that they would be made on the same terms as all of Giangreco's prior loans to BancPro, including that the unpaid principal and interest on the loans would become due and payable *after one year*. BancPro, however, failed to deliver to Giangreco the promissory notes corresponding to the loans identified in paragraph 24 at the time the loans were made. Later, when it finally followed through on its promise to prepare and deliver those promissory notes, but contrary to the parties' agreement, BancPro inserted into those notes language providing that they would become due and payable *after five years*. Because BancPro delayed the delivery of the promissory notes corresponding to those loans, Giangreco did not learn of their five-year terms until June 27, 2007. BancPro's insertion of five-year terms into the notes was either inadvertent, in which case reformation based on the parties' mutual mistake would be warranted, or constituted fraudulent or inequitable conduct on BancPro's part, in which case reformation based on Giangreco's unilateral mistake would be warranted.

7

26.     If the promissory notes identified in paragraph 18 accurately reflected the agreement between the parties regarding the terms of those notes, then the unpaid principal and interest due on each of those notes would be immediately due and payable to Giangreco.

## Noteholder Chris Lang's Promissory Notes

27.     Noteholder Chris Lang is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit F:

| Date | Principal Amount | Term to Maturity |
|------|------------------|------------------|
| May 14, 2001 | $20,000 | 6 months |
| October 15, 2002 | $20,000 | 1 year |

28.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 27 is immediately due and payable to Chris Lang.

## Noteholder Lavin's Promissory Note

29.     Noteholder Lavin is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit G:

| Date | Principal Amount | Term to Maturity |
|------|------------------|------------------|
| April 24, 2002 | $25,000 | 1 year |

30.     The unpaid principal and interest due on the promissory note identified in paragraph 29 is immediately due and payable to Lavin.

## Noteholder Shoemaker's Promissory Notes

31.     Noteholder Shoemaker is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit H:

| Date | Principal Amount | Term to Maturity |
|------|------------------|------------------|
| August 20, 2001 | $10,000 | 6 months |

8

| November 19, 2002 | $5,000 | 1 year |
|---|---|---|

32.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 31 is immediately due and payable to Shoemaker.

### Noteholder Weislak's Promissory Notes

33.     Noteholder Weislak is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit I:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| July 6, 2001 | $20,000 | 6 months |
| November 21, 2002 | $10,000 | 1 year |

34.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 33 is immediately due and payable to Weislak.

### Noteholder Wiltgen's Promissory Notes

35.     Noteholder Wiltgen is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit J:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| December 10, 2002 | $30,000 | 1 year |

36.     The unpaid principal and interest due on the promissory note identified in paragraph 35 is immediately due and payable to Wiltgen.

37.     Wiltgen is also the owner and holder of the following promissory note made by BancPro that has been lost, destroyed, or stolen:

| Date | Principal Amount |
|---|---|
| July 25, 2001 | $10,000 |

38.     Wiltgen was in possession of the note identified in paragraph 37 and was entitled to enforce it when the loss of possession occurred. The loss of possession was not the result of a transfer by Wiltgen or a lawful seizure, and the note was destroyed or its whereabouts cannot presently be determined. A copy of a letter from BancPro's controller, Donna Stanley, to Wiltgen referring to that promissory note is attached as Exhibit K.

39.     The unpaid principal and interest due on the promissory note identified in paragraph 37 is immediately due and payable to Wiltgen.

### Defendant BancPro's Pattern of
### Conduct Toward the Noteholders

40.     All of the Noteholders' promissory notes identified in paragraphs 13, 15, 19, 22, 24, 27, 29, 31, 33, 35, and 37 were prepared on the same template or form, contain essentially the same language and uniform or standard provisions, were issued by the same Maker (BancPro), and were signed by the same person, BancPro's Chief Executive Officer, Ross Murphy.

41.     None of the promissory notes identified in paragraphs 13, 15, 19, 22, 24, 27, 29, 31, 33, 35, and 37 obligate BancPro to make payments during the term of the loan. Rather, under the terms of all of those notes, BancPro was required to pay the entire unpaid principal and interest due on each loan on a date certain provided in each note.

42.     The entire unpaid principal and interest due on each of the promissory notes identified in paragraphs 13, 15, 19, 22, 24, 27, 29, 31, 33, 35, and 37 is immediately due and payable to each respective Noteholder.

## COUNT 1
### Breach of Contract

43.　　　The Noteholders incorporate by reference and restate, as if fully set forth herein, the allegations in paragraphs 1 through 42 of this Complaint.

44.　　　Under the promissory notes identified or described in paragraphs 13, 15, 22, 27, 29, 31, 33, 35, and 37, BancPro agreed to pay not only the principal and interest accrued on each of those promissory notes but also the attorneys' fees incurred by the Noteholders in enforcing their rights under the notes.

45.　　　BancPro's failure to pay the amounts due under the terms of each promissory note identified in paragraphs 13, 15, 22, 27, 29, 31, 33, 35, and 37 constitutes a breach thereof.

## COUNT 2
### Reformation and Breach of Contract

46.　　　Noteholders Giangreco and Mike Lang incorporate by reference and restate, as if fully set forth herein, the allegations in paragraphs 1 through 42 of this Complaint.

47.　　　As alleged above, Giangreco and Mike Lang agreed with BancPro that the loans corresponding to the promissory notes identified in paragraphs 19 and 24 would be made on the same terms as those Noteholders' prior and most recent loans to BancPro, including that the unpaid principal and interest on those loans would become immediately due and payable *after one year*.

48.　　　Instead, and contrary to the parties' agreements, when BancPro prepared each promissory note described in paragraphs 19 and 24, it included language providing that the note would become due *after five years*.

49.     Because BancPro delayed delivery of the promissory notes identified in paragraphs 19 and 24, Giangreco and Mike Lang did not learn of their five-year terms until the summer of 2007.

50.     BancPro's insertion of five-year terms, rather than the agreed one-year terms, into the notes identified in paragraphs 19 and 24 was either inadvertent or constituted fraudulent or inequitable conduct on BancPro's part. In either case, reformation of the promissory notes identified in paragraphs 19 and 24 above is appropriate and necessary to conform the notes to the terms agreed upon by the parties.

51.     As reformed to reflect the agreement between the parties, the promissory notes identified in paragraphs 19 and 24 are currently past due and payable to the respective Noteholders.

52.     BancPro's failure to pay the amounts due under the reformed terms of each promissory note identified in paragraphs 19 and 24 above constitutes a breach thereof.

### PRAYER FOR RELIEF

WHEREFORE, the Noteholders request the following relief:

a.      Noteholder Mike Lang prays that the Court reform the promissory notes described in paragraph 19 to reflect, as the parties agreed, that payment of the entire balance of the principal and interest under each such note was due one year from the date of each note; and that the Court enter judgment in his favor and against BancPro in the amount of $663,500, plus all interest accrued on the promissory notes he holds or that have been lost, destroyed or stolen through the date of judgment;

b.      Noteholder Mark Giangreco prays that the Court reform the promissory notes described in paragraph 24 to reflect, as the parties agreed, that payment of the entire

balance of the principal and interest under each such note was due one year from the date of each note; and that judgment be entered in his favor and against BancPro in the amount of $410,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

c.　　Noteholder Chris Lang prays that the Court enter judgment in his favor and against BancPro in the amount of $40,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

d.　　Noteholder Ron Lavin prays that judgment be entered in his favor and against BancPro in the amount of $25,000, plus all interest accrued on the promissory note he holds through the date of judgment;

e.　　Noteholder Terry Shoemaker prays that the Court enter judgment in his favor and against BancPro in the amount of $15,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

f.　　Noteholder Ken Weislak prays that the Court enter judgment in his favor and against BancPro in the amount of $30,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

g.　　Noteholder John Wiltgen prays that the Court enter judgment in his favor and against BancPro in the amount of $40,000, plus all interest accrued on the promissory notes he holds or that have been lost, destroyed or stolen through the date of judgment; and

h.　　The Noteholders pray that, in accordance with the express terms of the promissory notes at issue, the Court award the Noteholders their costs of collecting the notes or exercising their rights as payees, including, but not limited to, their reasonable

13

attorneys' fees, costs and expenses, and also grant them such other and further relief as

the Court deems just, appropriate, and equitable.

Dated: November 13, 2007                    Respectfully submitted,


Peter F. Lovato, III
Ellen D. Jenkins
W. Joel Vander Vliet
BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
200 E. Randolph Drive, Suite 7200
Chicago, IL 60601
312-946-4200

Attorneys for Plaintiffs

# Exhibit A

## PROMISSORY NOTE

$20,000.00                                                                                          Date: May 14, 2001

1.       For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from May 14, 2001 until paid. Payments on said note shall be as follows:

        (a) The entire balance of principal and interest shall all be immediately due and payable on November 14, 2001.

2.       All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.       All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.       As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.       Events of Default.       Maker shall be in default if any of the following events ("Events of Default") occur:

        (a)       Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

        (b)       If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

        (c)       If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

        (d)       The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_____
        Ross Murphy, CEO

2

**PROMISSORY NOTE**

$25,000.00                                                    Date: September 5, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from September 5, 2001 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on March 5, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _____
       Ross Murphy, CEO

# PROMISSORY NOTE

$10,000.00                                                                                        Date: October 9, 2001

1.       For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Michael Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from October 9, 2001 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on April 9, 2002.

2.       All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.       All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.       As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.       Events of Default.       Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)       Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)       If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)       If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)       The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:     _____
        Ross Murphy, CEO

## PROMISSORY NOTE

$30,000.00                                          Date: December 11, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Michael Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from December 11, 2001 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on June 11, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_____
       Ross Murphy, CEO

## PROMISSORY NOTE

$15,000.00                                                          Date: March 8, 2002

     1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Fifteen Thousand ($15,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 8, 2002 until paid. Payments on said note shall be as follows:

     (a) The entire balance of principal and interest shall all be immediately due and payable on March 8, 2003.

     2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

     3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

     4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 30,000 warrants for the right to purchase 30,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

     5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

     (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

     (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

     (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

     (d)     The dissolution or liquidation of Maker.

     If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

     This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

2

## PROMISSORY NOTE

$30,000.00                                                          Date: June 21, 2002

1.   For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from June 21, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on June 21, 2003.

2.   All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.   All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.   As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.   Events of Default.   Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.   Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

## PROMISSORY NOTE

$20,000.00                                                                    Date: July 11, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from July 11, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on July 11, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

## PROMISSORY NOTE

$40,000.00                                                          Date: July 26, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Forty Thousand ($40,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from July 26, 2002 until paid. Payments on said note shall be as follows:

(a)    The entire balance of principal and interest shall all be immediately due and payable on July 26, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 80,000 warrants for the right to purchase 80,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

2

# PROMISSORY NOTE

$10,000.00                                                    Date: August 6, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 6, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on August 6, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.       Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

2

## PROMISSORY NOTE

$40,000.00                                                    Date: August 16, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Forty Thousand ($40,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 16, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on August 16, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 80,000 warrants for the right to purchase 80,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:   _____

Ross Murphy, CEO

## PROMISSORY NOTE

$20,000.00                                                                   Date: September 3, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 3, 2002 until paid. Payments on said note shall be as follows:

(a)   The entire balance of principal and interest shall all be immediately due and payable on September 3, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)   Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)   If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)   If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)   The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_
       Ross Murphy, CEO

2

## PROMISSORY NOTE

$10,000.00                                                    Date: September 10, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 10, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on September 10, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)  Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)  If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)  The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _Ross Murphy_

Ross Murphy, CEO

2

## PROMISSORY NOTE

$20,000.00                                                                                    Date: September 13, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 13, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on September 13, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)  Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)  If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)  The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:  _____
     Ross Murphy, CEO

# PROMISSORY NOTE

$30,000.00                                                          Date: September 30, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 30, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on September 30, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

2

## PROMISSORY NOTE

$30,000.00                                                                 Date: November 1, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 1, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on November 1, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

## PROMISSORY NOTE

$9,000.00

Date: November 19, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Nine Thousand ($9,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 19, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on November 19, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 18,000 warrants for the right to purchase 18,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____

Ross Murphy, CEO

# Exhibit B



**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**054375**
CHECK NO.

Date _____ 1/.. 02

AMOUNT

Pay _____    $    30,000.00

A/C    H1Z96

By _____    Agent

NON-NEGOTIABLE

By _____
AUTHORIZED SIGNATURE    Agent

TO
THE
ORDER
OF    Banc Pro

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**054989**
CHECK NO.

1/31/02
Date _____

AMOUNT

Pay _____    $    30,000.00

A/C    H1Z96

By _____    Agent

NON-NEGOTIABLE

By _____
AUTHORIZED SIGNATURE    Agent

TO
THE
ORDER
OF    Banc Pro

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

Harris Trust and
Savings Bank
Chicago, Illinois 60690

2-28/710

**055663**

CHECK NO.

Date _____ 2/27/02

AMOUNT

Pay _____ $ _____ 35,000.00

A/C _____ H1Z96

By _____ Agent

**NON-NEGOTIABLE**

By _____

AUTHORIZED SIGNATURE          Agent

TO
THE
ORDER
OF          Banc Pro

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**055581**

CHECK NO.

Date _____ 2/22/02

AMOUNT

Pay   Ten Thousand Dollars & 00/100 _____ $ _____ 10,000.00

A/C _____ H1Z96

By _____ Agent

**NON-NEGOTIABLE**

By _____

AUTHORIZED SIGNATURE          Agent

TO
THE
ORDER
OF          Banc Pro

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**055389**

CHECK NO.

Date _____ 2/14/02

AMOUNT

_____ 20,000.00

Pay _____ $ _____

A/C _____ H1Z96

By _____ Agent

**NON-NEGOTIABLE**

By _____

AUTHORIZED SIGNATURE          Agent

TO
THE
ORDER
OF          Banc Pro

M. Lang



**REFCO LLC**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
550 W. JACKSON, 11TH FLOOR
CHICAGO, ILLINOIS 60661

2/28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

065665

CHECK NO.

Date    2/14/03

$    8,500.00    AMOUNT

Pay

A/C    H1296

Banc Pro

TO
THE
ORDER
OF

By _____ Agent

By    NON-NEGOTIABLE

AUTHORIZED SIGNATURE    Agent

# Exhibit C

# PROMISSORY NOTE

$10,000.00                                                                    Date: January 13. 2003

1.    FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Ten Thousand (U.S. $10,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

      (a)    The entire Principal plus all accrued and unpaid interest shall be paid on January 13, 2008.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.    As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5    An "Event of Default" shall occur under this Note if any of the following events occurs:

      (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

      (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

      (d)  The dissolution or liquidation of Maker;

      If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.    <u>Other Matters</u>

      This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

      No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default(as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:    BancPro, Inc., Inc.

By:    _____
        Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$3,000.00                                                                          Date: June 10, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Three Thousand (U.S. $3,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)      The entire Principal plus all accrued and unpaid interest shall be paid on June 10, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 6,000 warrants for the right to purchase 6,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)  The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power -- remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:    BancPro, Inc., Inc.

By:    _Ross M Murphy_____
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$15,000.00                                                          Date: September 19, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Fifteen Thousand (U.S. $15,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

        (a)     The entire Principal plus all accrued and unpaid interest shall be paid on September 19, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 30,000 warrants for the right to purchase 30,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

        (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

        (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

        (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

        (d)  The dissolution or liquidation of Maker;

        If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      Other Matters

        This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

        No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:    _____
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$7,500.00                                                                 Date: October 10, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Seven Thousand Five Hundred (U.S. $7,500.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

    (a)      The entire Principal plus all accrued and unpaid interest shall be paid on October 10, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 15,000 warrants for the right to purchase 15,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

    (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

    (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

    (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

    (d)  The dissolution or liquidation of Maker;

    If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      Other Matters

    This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

    No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER:        BancPro, Inc., Inc.



By:    _Ross Murphy_____
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$5,500.00

Date: October 30, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Five Thousand Five Hundred (U.S. $5,500.00) dollars, (the "Principal").  Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year.  Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)      The entire Principal plus all accrued and unpaid interest shall be paid on October 30, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 11,000 warrants for the right to purchase 11,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)  The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:     BancPro, Inc., Inc.


By:     _Ross Murphy_____
         Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                               Date: March 9, 2005

1.     FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

    (a)     The entire Principal plus all accrued and unpaid interest shall be paid on March 9, 2010.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.     As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5     An "Event of Default" shall occur under this Note if any of the following events occurs:

    (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

    (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

    (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

    (d)  The dissolution or liquidation of Maker;

    If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.     Other Matters

    This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

    No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.

By:   _____
      Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                    Date: April 5, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

    (a)    The entire Principal plus all accrued and unpaid interest shall be paid on April 5, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

    (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

    (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

    (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

    (d)  The dissolution or liquidation of Maker;

    If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      Other Matters

    This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

    No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:       BancPro, Inc., Inc.


By:      _____
         Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                                 Date: May 18, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal").  Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year.  Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

      (a)      The entire Principal plus all accrued and unpaid interest shall be paid on May 18, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

      (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

      (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

      (d)  The dissolution or liquidation of Maker;

      If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

      This Note may be prepaid in whole or in part at any time without penalty.  Any prepayments shall first be applied to payment of interest and the balance to principal

      No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:      BancPro, Inc., Inc.

By:      _____
          Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$20,000.00                                                          Date: July 19, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay     to     Mike     Lang     ("Payee")     or     any     holder     of     this     note     sum     of Twenty Thousand (U.S. $20,000.00) dollars, (the "Principal").  Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year.  Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

   (a)      The entire Principal plus all accrued and unpaid interest shall be paid on July 19, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5      An "Event of Default" shall occur under this Note if any of the following events occurs:

   (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

   (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of any Maker;

   (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

   (d)  The dissolution or liquidation of Maker;

   If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

   This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

   No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:    BancPro, Inc., Inc.

By:    _Ross m urphy_____
Ross Lee Murphy, CEO

2

# Exhibit D

# PROMISSORY NOTE

$50,000.00                                                                    Date: March 20, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 20, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on March 20, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)  Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)  If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)  The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _____
        Ross Murphy, CEO

2

# PROMISSORY NOTE

$50,000.00                                                          Date: March 29, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 29, 2002 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on March 29, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _Ross Murphy_____
       Ross Murphy, CEO



COPY

## PROMISSORY NOTE

$50,000.00

Date: April 8, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from April 8, 2002 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on April 8, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:     _Ross Murphy_
      Ross Murphy, CEO



## PROMISSORY NOTE

**$50,000.00**                                                    Date: June 5, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from June 5, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on June 5, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      **Events of Default.**      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      **Other Matters**

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____
    Ross Murphy, CEO

2

## PROMISSORY NOTE

$50,000.00                                                    Date: August 22, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 22, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on August 22, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:     _Ross Murphy_____

Ross Murphy, CEO



# PROMISSORY NOTE

$50,000.00                                                              Date: October 4, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from October 4, 2002 until paid. Payments on said note shall be as follows:

(a)   The entire balance of principal and interest shall all be immediately due and payable on October 4, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)   Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)   If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)   If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)   The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____
    Ross Murphy, CEO

# Exhibit E

# PROMISSORY NOTE

$30,000.00                                                               Date: December 20, 2002

1.     FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

     (a)     The entire Principal plus all accrued and unpaid interest shall be paid on December 20, 2007.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.     As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5     An "Event of Default" shall occur under this Note if any of the following events occurs:

     (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

     (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

     (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

     (d)  The dissolution or liquidation of Maker;

     If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.     Other Matters

     This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

     No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:

Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$20,000.00                                                    Date: August 19, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Twenty Thousand (U.S. $20,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

        (a)     The entire Principal plus all accrued and unpaid interest shall be paid on August 19, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

        (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

        (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

        (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

        (d)  The dissolution or liquidation of Maker;

        If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      Other Matters

        This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

        No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.

By:    _Ross Murphy_ (signature)
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                                  Date: September 23, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)      The entire Principal plus all accrued and unpaid interest shall be paid on September 23, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5      An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)  The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.

By:       _Ross Lee Murphy_
        Ross Lee Murphy, CEO

# PROMISSORY NOTE

$30,000.00                                                          Date: November 22, 2005

1.        FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay   to   Mark   Giangreco   ("Payee")   or   any   holder   of   this   note   sum   of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal").  Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year.  Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

      (a)        The entire Principal plus all accrued and unpaid interest shall be paid on November 22, 2010.

2.        All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.        All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.        As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5        An "Event of Default" shall occur under this Note if any of the following events occurs:

      (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

      (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

      (d)  The dissolution or liquidation of Maker;

      If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.        <u>Other Matters</u>

      This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

      No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:    BancPro, Inc., Inc.


By:    _____
       Ross Lee Murphy, CEO

# Exhibit F

**PROMISSORY NOTE**

$20,000.00

Date: May 14, 2001

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Chris Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from May 14, 2001 until paid. Payments on said note shall be as follows:

>   (a)  The entire balance of principal and interest shall all be immediately due and payable on November 14, 2001.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     **Events of Default.**     Maker shall be in default if any of the following events ("Events of Default") occur:

>   (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

>   (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

>   (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

>   (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _Ross Murphy_____
       Ross Murphy, CEO

# PROMISSORY NOTE

$20,000.00                                                                                   Date: October 15, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Chris Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from October 15, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on October 15, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:  _Ross Murphy_____

Ross Murphy, CEO

2

# Exhibit G

## PROMISSORY NOTE

$25,000.00

Date: April 24, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ron Lavin ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from April 24, 2002 until paid. Payments on said note shall be as follows:

      (a) The entire balance of principal and interest shall all be immediately due and payable on April 24, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

      (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

      (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

      (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

      (d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

# Exhibit H

# PROMISSORY NOTE

$10,000.00

Date: August 20, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Terry Shoemaker ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of twelve percent (12%) per annum from August 20, 2001 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on February 20, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

# PROMISSORY NOTE

$5,000.00                                                                Date: November 19, 2002

    1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Terry Shoemaker ("Payee") or any holder of this note the principal sum of Five Thousand ($5,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of twelve percent (12%) per annum from November 19, 2002 until paid. Payments on said note shall be as follows:

        (a) The entire balance of principal and interest shall all be immediately due and payable on November 19, 2003.

    2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

    3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

    4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 10,000 warrants for the right to purchase 10,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

    5.      Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

        (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

        (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

        (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

        (d)    The dissolution or liquidation of Maker.

    If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

# Exhibit I

# PROMISSORY NOTE

$20,000.00                                                          Date: July 6, 2001

1.       For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ken Weislak ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from July 6, 2001 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on January 6, 2002.

2.       All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.       All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.       As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.       Events of Default.       Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

## PROMISSORY NOTE

$10,000.00                                                    Date: November 21, 2002

     1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ken Weislak ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 21, 2002 until paid. Payments on said note shall be as follows:

     (a)     The entire balance of principal and interest shall all be immediately due and payable on November 21, 2003.

     2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

     3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

     4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

     5.     <u>Events of Default.</u>     Maker shall be in default if any of the following events ("Events of Default") occur:

     (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

     (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

     (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

     (d)     The dissolution or liquidation of Maker.

     If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

     6.     <u>Other Matters</u>

     This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

# Exhibit J

# PROMISSORY NOTE

$30,000.00                                                                Date: December 10, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of John Robert Wiltgen ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from December 10, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on December 10, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      ~~Events of Default.~~      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

# Exhibit K

# BANCPRO, INC.

**1745 S ALMA SCHOOL RD #205
MESA, AZ 85210
480.730.1500
FAX 480.730.1501
Email: dstanley@bancpro.com**

September 13, 2004

John Robert Wiltgen



Dear Mr. Wiltgen:

I have compared my accounting with your accountant's calculations as of July 31, 2004.
I have found a couple of discrepancies between my calculations and your accountant's
calculations. From my calculations BancPro, Inc. owes you a balance of $52,843.83.

In regards to the accountant's spreadsheet the note dated 6/25/01 is actually dated
7/25/01. Following is a spreadsheet with my calculations. If you have any questions,
please don't hesitate to call me.

Sincerely,

Donna Stanley
Controller

| Loans | Date | Principal | Interest | Pmts | Balance Due |
|---|---|---|---|---|---|
| Loan 1 | 6/18/2001 | 10,000 | 2,496.44 | 6,000 | 6,496.44 |
| Loan 2 | 7/25/2001 | 10,000 | 2,415.34 | | 12,415.34 |
| Loan 3 | 12/11/2002 | 30,000 | 3,932.05 | | 33,932.05 |
| Totals: | | $50,000.00 | $8,843.83 | $6,000.00 | $52,843.83 |