UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN,<br><br>    Plaintiffs,<br><br>v.<br><br>BANCPRO, INC.,<br><br>    Defendant. | Case No.: 07-cv-6424<br><br>Judge David H. Coar<br><br>Magistrate Judge Michael T. Mason |

**AMENDED COMPLAINT**

Plaintiffs, Mike Lang, Mark Giangreco, David Gripp, John Karavidas, Chris Lang, Ron Lavin, Brian McCormick, John Ridge, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders"), for their Complaint against Defendant, BancPro, Inc. ("BancPro"), state as follows:

**PARTIES**

1.  Noteholder Mike Lang is a citizen of Illinois, residing in the Village of South Barrington.

2.  Noteholder Mark Giangreco is a citizen of Illinois, residing in the City of Chicago.

3.  Noteholder David Gripp is a citizen of Illinois, residing in the Village of Wilmette.

4.  Noteholder John Karavidas is a citizen of Illinois, residing in the Village of Oakwood Hills.

5.  Noteholder Chris Lang is a citizen of Illinois, residing in the Village of Inverness.

6.  Noteholder Ron Lavin is a citizen of Illinois, residing in the Village of Deerfield.

7.  Noteholder Brian McCormick is a citizen of Illinois, residing in the City of Chicago.

8.  Noteholder John Ridge is a citizen of Illinois, residing in the Village of Hawthorn Woods.

9.  Noteholder Terry Shoemaker is a citizen of Illinois, residing in the City of Schaumburg.

10. Noteholder Ken Weislak is a citizen of Illinois, residing in the City of St. Charles.

11. Noteholder John Wiltgen is a citizen of Illinois, residing in the City of Chicago.

12. BancPro is a corporation organized under the laws of Colorado with its principal place of business in Arizona.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over the claims of Noteholders Giangreco and Mike Lang under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amounts in controversy exceed $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the claims of the remaining Noteholders under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(a). BancPro is subject to personal jurisdiction, and thus (for venue purposes) resides, in this district, and a substantial portion of the events giving rise to this claim occurred in this district.

## FACTS

15.     This litigation arises out of BancPro's scheme to solicit hundreds of thousands of dollars in loans from a group of Illinois investors. In response to BancPro's solicitations, the Noteholders, among other Illinois citizens, made numerous loans to BancPro that are evidenced by promissory notes, although some are inaccurate as alleged below. As part of and in furtherance of BancPro's scheme, BancPro officers and other representatives traveled to Illinois on more than one occasion to solicit additional loans and to negotiate a deferral in payment of existing loans. BancPro has failed to repay the loans made by the Noteholders, is in default on its obligations under the promissory notes, and thus is liable to each Noteholder for breach of contract.

16.     In addition, despite its promises to do so, BancPro failed, sometimes for years, to deliver promissory notes evidencing certain of the Noteholders' loans. Then, despite that it had agreed that the Noteholders' loans would all be for a term of one year (or less), when BancPro finally prepared the promissory notes corresponding to certain loans, the writings erroneously reflected that the loans were for five-year terms. Due to the delayed delivery of these promissory notes, the Noteholders did not learn of BancPro's insertion of five-year terms until the summer of 2007.

### Noteholder Mike Lang's Promissory Notes

17.     Noteholder Mike Lang is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit A:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| May 14, 2001 | $20,000 | 6 months |
| September 5, 2001 | $25,000 | 6 months |
| October 9, 2001 | $10,000 | 6 months |
| December 11, 2001 | $30,000 | 6 months |
| March 8, 2002 | $15,000 | 1 year |
| June 21, 2002 | $30,000 | 1 year |
| July 11, 2002 | $20,000 | 1 year |
| July 26, 2002 | $40,000 | 1 year |
| August 6, 2002 | $10,000 | 1 year |
| August 16, 2002 | $40,000 | 1 year |
| September 3, 2002 | $20,000 | 1 year |
| September 10, 2002 | $10,000 | 1 year |
| September 13, 2002 | $20,000 | 1 year |
| September 30, 2002 | $30,000 | 1 year |
| November 1, 2002 | $30,000 | 1 year |
| November 19, 2002 | $9,000 | 1 year |

18.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 17 is immediately due and payable to Mike Lang.

19.     Mike Lang is also the owner and holder of the following promissory notes made by BancPro that have been lost, destroyed, or stolen:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| May 11, 2001 | $20,000 | 6 months |

| January 2002 | $30,000 | 1 year |
| January 31, 2002 | $30,000 | 1 year |
| February 14, 2002 | $20,000 | 1 year |
| February 22, 2002 | $10,000 | 1 year |
| February 27, 2002 | $35,000 | 1 year |
| February 14, 2003 | $8,500 | 1 year |

20. Because the promissory notes identified in paragraph 19 have been lost, destroyed, or stolen, the dates listed in paragraph 19 are the dates Mike Lang made payments to BancPro in consideration for the notes, and the notes themselves were typically dated several days later.

21. Mike Lang was in possession of each of the notes identified in paragraph 19 and was entitled to enforce each of them when the loss of possession occurred. The loss of possession was not the result of a transfer by Mike Lang or a lawful seizure, and each of the notes was destroyed or its whereabouts cannot presently be determined. Copies of the checks made out to BancPro in consideration for the lost, destroyed, or stolen notes identified in paragraph 19 are attached as Exhibit B.

22. The unpaid principal and interest due on each of the promissory notes identified in paragraph 19 is immediately due to Mike Lang.

23. Mike Lang is also the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit C:

| Date | Principal Amount | Agreed Term | Stated Term |
|---|---|---|---|
| January 13, 2003 | $10,000 | 1 year | 5 years |
| June 10, 2003 | $3,000 | 1 year | 5 years |

| | | | |
|---|---|---|---|
| September 19, 2003 | $15,000 | 1 year | 5 years |
| October 10, 2003 | $7,500 | 1 year | 5 years |
| October 30, 2003 | $5,500 | 1 year | 5 years |
| March 9, 2005 | $30,000 | 1 year | 5 years |
| April 5, 2005 | $30,000 | 1 year | 5 years |
| May 18, 2005 | $30,000 | 1 year | 5 years |
| July 19, 2005 | $20,000 | 1 year | 5 years |

24.     Prior to making the loans reflected in the promissory notes listed in paragraph 23, Mike Lang and BancPro had agreed that these loans would be made on the same terms as Mike Lang's most recent loans to BancPro, including that the unpaid principal and interest on the loans would become due *after one year*. BancPro, however, failed to deliver the promissory notes corresponding to the loans identified in paragraph 23 at the time the loans were made. Later, when it finally did follow through on its promise to prepare promissory notes for these loans, but contrary to the parties' agreement, BancPro inserted into those notes language providing that they would become due and payable *after five years*. Because BancPro delayed delivery of the promissory notes corresponding to these loans, Mike Lang did not learn of their five-year terms until the summer of 2007. BancPro's insertion of five-year terms into the notes was either inadvertent, in which case reformation based on the parties' mutual mistake would be warranted, or constituted fraudulent or inequitable conduct on BancPro's part, in which case reformation based on Mike Lang's unilateral mistake would be warranted.

25.     If the promissory notes identified in paragraph 23 accurately reflected the agreement between the parties regarding the term of these notes, then the unpaid principal and interest due on each of those notes would be immediately due and payable to Mike Lang.

6

**Noteholder Giangreco's Promissory Notes**

26. Noteholder Giangreco is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit D:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| March 20, 2002 | $50,000 | 1 year |
| March 29, 2002 | $50,000 | 1 year |
| April 8, 2002 | $50,000 | 1 year |
| June 5, 2002 | $50,000 | 1 year |
| August 22, 2002 | $50,000 | 1 year |
| October 4, 2002 | $50,000 | 1 year |

27. The unpaid principal and interest due on each of the promissory notes identified in paragraph 26 is immediately due and payable to Giangreco.

28. Giangreco is also the owner and holder of several other promissory notes made by BancPro, which are attached as Exhibit E:

| Date | Principal Amount | Agreed Term | Stated Term |
|---|---|---|---|
| December 20, 2002 | $30,000 | 1 year | 5 years |
| August 19, 2003 | $20,000 | 1 year | 5 years |
| September 23, 2003 | $30,000 | 1 year | 5 years |
| November 22, 2005 | $30,000 | 1 year | 5 years |

29. Prior to making the loans corresponding to the promissory notes identified in paragraph 28, Giangreco and BancPro agreed that they would be made on the same terms as all of Giangreco's prior loans to BancPro, including that the unpaid principal and interest on the loans would become due and payable *after one year*. BancPro, however, failed to deliver to

7

Giangreco the promissory notes corresponding to the loans identified in paragraph 28 at the time the loans were made. Later, when it finally followed through on its promise to prepare and deliver those promissory notes, but contrary to the parties' agreement, BancPro inserted into those notes language providing that they would become due and payable *after five years*. Because BancPro delayed the delivery of the promissory notes corresponding to those loans, Giangreco did not learn of their five-year terms until June 27, 2007. BancPro's insertion of five-year terms into the notes was either inadvertent, in which case reformation based on the parties' mutual mistake would be warranted, or constituted fraudulent or inequitable conduct on BancPro's part, in which case reformation based on Giangreco's unilateral mistake would be warranted.

30. If the promissory notes identified in paragraph 28 accurately reflected the agreement between the parties regarding the terms of those notes, then the unpaid principal and interest due on each of those notes would be immediately due and payable to Giangreco.

### Noteholder Gripp's Promissory Note

31. Noteholder Gripp is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit F:

| Date | Principal Amount | Term to Maturity |
| --- | --- | --- |
| April 15, 2002 | $25,000 | 1 year |

32. The unpaid principal and interest due on the promissory note identified in paragraph 31 is immediately due and payable to Gripp.

### Noteholder Karavidas's Promissory Note

33. Noteholder Karavidas is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit G:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| September 3, 2002 | $25,000 | 1 year |

34.  The unpaid principal and interest due on the promissory note identified in paragraph 33 is immediately due and payable to Karavidas.

### Noteholder Chris Lang's Promissory Notes

35.  Noteholder Chris Lang is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit H:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| May 14, 2001 | $20,000 | 6 months |
| October 15, 2002 | $20,000 | 1 year |

36.  The unpaid principal and interest due on each of the promissory notes identified in paragraph 35 is immediately due and payable to Chris Lang.

### Noteholder Lavin's Promissory Note

37.  Noteholder Lavin is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit I:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| April 24, 2002 | $25,000 | 1 year |

38.  The unpaid principal and interest due on the promissory note identified in paragraph 37 is immediately due and payable to Lavin.

### Noteholder McCormick's Promissory Note

39.  Noteholder McCormick is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit J:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| May 30, 2001 | $10,000 | 6 months |

40. The unpaid principal and interest due on the promissory note identified in paragraph 39 is immediately due and payable to McCormick.

### Noteholder Ridge's Promissory Note

41. Noteholder Ridge is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit K:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| August 21, 2001 | $10,000 | 6 months |

42. The unpaid principal and interest due on the promissory note identified in paragraph 41 is immediately due and payable to Ridge.

### Noteholder Shoemaker's Promissory Notes

43. Noteholder Shoemaker is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit L:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| August 20, 2001 | $10,000 | 6 months |
| November 19, 2002 | $5,000 | 1 year |

44. The unpaid principal and interest due on each of the promissory notes identified in paragraph 43 is immediately due and payable to Shoemaker.

### Noteholder Weislak's Promissory Notes

45. Noteholder Weislak is the owner and holder of the following promissory notes made by BancPro, which are attached as Exhibit M:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| July 6, 2001 | $20,000 | 6 months |
| November 21, 2002 | $10,000 | 1 year |

46.     The unpaid principal and interest due on each of the promissory notes identified in paragraph 45 is immediately due and payable to Weislak.

### Noteholder Wiltgen's Promissory Notes

47.     Noteholder Wiltgen is the owner and holder of the following promissory note made by BancPro, which is attached as Exhibit N:

| Date | Principal Amount | Term to Maturity |
|---|---|---|
| December 10, 2002 | $30,000 | 1 year |

48.     The unpaid principal and interest due on the promissory note identified in paragraph 47 is immediately due and payable to Wiltgen.

49.     Wiltgen is also the owner and holder of the following promissory note made by BancPro that has been lost, destroyed, or stolen:

| Date | Principal Amount |
|---|---|
| July 25, 2001 | $10,000 |

50.     Wiltgen was in possession of the note identified in paragraph 49 and was entitled to enforce it when the loss of possession occurred. The loss of possession was not the result of a transfer by Wiltgen or a lawful seizure, and the note was destroyed or its whereabouts cannot presently be determined. A copy of a letter from BancPro's controller, Donna Stanley, to Wiltgen referring to that promissory note is attached as Exhibit O.

51.     The unpaid principal and interest due on the promissory note identified in paragraph 49 is immediately due and payable to Wiltgen.

### Defendant BancPro's Pattern of
### Conduct Toward the Noteholders

52.     All of the Noteholders' promissory notes identified in paragraphs 17, 19, 23, 26, 28, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49 were prepared on the same template or form, contain essentially the same language and uniform or standard provisions, were issued by the same Maker (BancPro), and were signed by the same person, BancPro's Chief Executive Officer, Ross Murphy.

53.     None of the promissory notes identified in paragraphs 17, 19, 23, 26, 28, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49 obligate BancPro to make payments during the term of the loan.  Rather, under the terms of all of those notes, BancPro was required to pay the entire unpaid principal and interest due on each loan on a date certain provided in each note.

54.     The entire unpaid principal and interest due on each of the promissory notes identified in paragraphs 17, 19, 23, 26, 28, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49 is immediately due and payable to each respective Noteholder.

### COUNT 1
### Breach of Contract

55.     The Noteholders incorporate by reference and restate, as if fully set forth herein, the allegations in paragraphs 1 through 54 of this Complaint.

56.     Under the promissory notes identified or described in paragraphs 17, 19, 26, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49, BancPro agreed to pay not only the principal and interest accrued on each of those promissory notes but also the attorneys' fees incurred by the Noteholders in enforcing their rights under the notes.

57.　BancPro's failure to pay the amounts due under the terms of each promissory note identified in paragraphs 17, 19, 26, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49 constitutes a breach thereof.

## COUNT 2
## Reformation and Breach of Contract

58.　Noteholders Giangreco and Mike Lang incorporate by reference and restate, as if fully set forth herein, the allegations in paragraphs 1 through 54 of this Complaint.

59.　As alleged above, Giangreco and Mike Lang agreed with BancPro that the loans corresponding to the promissory notes identified in paragraphs 23 and 28 would be made on the same terms as those Noteholders' prior and most recent loans to BancPro, including that the unpaid principal and interest on those loans would become immediately due and payable *after one year*.

60.　Instead, and contrary to the parties' agreements, when BancPro prepared each promissory note described in paragraphs 23 and 28, it included language providing that the note would become due *after five years*.

61.　Because BancPro delayed delivery of the promissory notes identified in paragraphs 23 and 28, Giangreco and Mike Lang did not learn of their five-year terms until the summer of 2007.

62.　BancPro's insertion of five-year terms, rather than the agreed one-year terms, into the notes identified in paragraphs 23 and 28 was either inadvertent or constituted fraudulent or inequitable conduct on BancPro's part. In either case, reformation of the promissory notes identified in paragraphs 23 and 28 above is appropriate and necessary to conform the notes to the terms agreed upon by the parties.

63. As reformed to reflect the agreement between the parties, the promissory notes identified in paragraphs 23 and 28 are currently past due and payable to the respective Noteholders.

64. BancPro's failure to pay the amounts due under the reformed terms of each promissory note identified in paragraphs 23 and 28 above constitutes a breach thereof.

## PRAYER FOR RELIEF

WHEREFORE, the Noteholders request the following relief:

a. Noteholder Mike Lang prays that the Court reform the promissory notes described in paragraph 23 to reflect, as the parties agreed, that payment of the entire balance of the principal and interest under each such note was due one year from the date of each note; and that the Court enter judgment in his favor and against BancPro in the amount of $663,500, plus all interest accrued on the promissory notes he holds or that have been lost, destroyed or stolen through the date of judgment;

b. Noteholder Mark Giangreco prays that the Court reform the promissory notes described in paragraph 28 to reflect, as the parties agreed, that payment of the entire balance of the principal and interest under each such note was due one year from the date of each note; and that judgment be entered in his favor and against BancPro in the amount of $410,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

c. Noteholder David Gripp prays that the Court enter judgment in his favor and against BancPro in the amount of $25,000, plus all interest accrued on the promissory note he holds through the date of judgment;

d.　　Noteholder John Karavidas prays that the Court enter judgment in his favor and against BancPro in the amount of $25,000, plus all interest accrued on the promissory note he holds through the date of judgment;

e.　　Noteholder Chris Lang prays that the Court enter judgment in his favor and against BancPro in the amount of $40,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

f.　　Noteholder Ron Lavin prays that judgment be entered in his favor and against BancPro in the amount of $25,000, plus all interest accrued on the promissory note he holds through the date of judgment;

g.　　Noteholder Brian McCormick prays that the Court enter judgment in his favor and against BancPro in the amount of $10,000, plus all interest accrued on the promissory note he holds through the date of judgment;

h.　　Noteholder John Ridge prays that judgment be entered in his favor and against BancPro in the amount of $10,000, plus all interest accrued on the promissory note he holds through the date of judgment;

i.　　Noteholder Terry Shoemaker prays that the Court enter judgment in his favor and against BancPro in the amount of $15,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

j.　　Noteholder Ken Weislak prays that the Court enter judgment in his favor and against BancPro in the amount of $30,000, plus all interest accrued on the promissory notes he holds through the date of judgment;

k.　　Noteholder John Wiltgen prays that the Court enter judgment in his favor and against BancPro in the amount of $40,000, plus all interest accrued on the promissory

notes he holds or that have been lost, destroyed or stolen through the date of judgment; and

l.    The Noteholders pray that, in accordance with the express terms of the promissory notes at issue, the Court award the Noteholders their costs of collecting the notes or exercising their rights as payees, including, but not limited to, their reasonable attorneys' fees, costs and expenses, and also grant them such other and further relief as the Court deems just, appropriate, and equitable.

Dated:  January 16, 2008                              Respectfully submitted,


                                                      /s/ W. Joel Vander Vliet
                                                      Peter F. Lovato, III
                                                      Ellen D. Jenkins
                                                      W. Joel Vander Vliet
                                                      BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
                                                      200 E. Randolph Drive, Suite 7200
                                                      Chicago, IL  60601
                                                      312-946-4200

                                                      Attorneys for Plaintiffs