# Exhibit A

# PROMISSORY NOTE

$20,000.00

Date: May 14, 2001

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from May 14, 2001 until paid. Payments on said note shall be as follows:

    (a) The entire balance of principal and interest shall all be immediately due and payable on November 14, 2001.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

    (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

    (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

    (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

    (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:    _____
        Ross Murphy, CEO

# PROMISSORY NOTE

$25,000.00

Date: September 5, 2001

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from September 5, 2001 until paid. Payments on said note shall be as follows:

      (a)  The entire balance of principal and interest shall all be immediately due and payable on March 5, 2002.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

      (a)  Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

      (b)  If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

      (d)  The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    Ross Murphy, CEO

# PROMISSORY NOTE

$10,000.00

Date: October 9, 2001

1.　　For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Michael Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from October 9, 2001 until paid. Payments on said note shall be as follows:

　　(a) The entire balance of principal and interest shall all be immediately due and payable on April 9, 2002.

2.　　All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.　　All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.　　As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.　　Events of Default.　　Maker shall be in default if any of the following events ("Events of Default") occur:

　　(a)　　Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

　　(b)　　If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

　　(c)　　If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

　　(d)　　The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_____
        Ross Murphy, CEO

## PROMISSORY NOTE

$30,000.00

Date: December 11, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Michael Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from December 11, 2001 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on June 11, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_____
       Ross Murphy, CEO

# PROMISSORY NOTE

$15,000.00                                                                    Date: March 8, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Fifteen Thousand ($15,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 8, 2002 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on March 8, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 30,000 warrants for the right to purchase 30,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

2

## PROMISSORY NOTE

$30,000.00

Date: June 21, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from June 21, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on June 21, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

**PROMISSORY NOTE**

$20,000.00                                                    Date: July 11, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from July 11, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on July 11, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:  _____
Ross Murphy, CEO

## PROMISSORY NOTE

$40,000.00                                                                    Date: July 26, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Forty Thousand ($40,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from July 26, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on July 26, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 80,000 warrants for the right to purchase 80,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

## PROMISSORY NOTE

$10,000.00                                                    Date: August 6, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 6, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on August 6, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.        Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:  _Ross Murphy_
Ross Murphy, CEO

# PROMISSORY NOTE

$40,000.00                                                     Date: August 16, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Forty Thousand ($40,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 16, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on August 16, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 80,000 warrants for the right to purchase 80,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

2

## PROMISSORY NOTE

$20,000.00                                                              Date: September 3, 2002

    1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 3, 2002 until paid. Payments on said note shall be as follows:

        (a)  The entire balance of principal and interest shall all be immediately due and payable on September 3, 2003.

    2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

    3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

    4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

    5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

        (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

        (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

        (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

        (d)    The dissolution or liquidation of Maker.

    If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

    This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

# PROMISSORY NOTE

$10,000.00                                                      Date: September 10, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 10, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on September 10, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

## PROMISSORY NOTE

$20,000.00

Date: September 13, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 13, 2002 until paid. Payments on said note shall be as follows:

   (a)  The entire balance of principal and interest shall all be immediately due and payable on September 13, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

   (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

   (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

   (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

   (d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _Ross Murphy_

Ross Murphy, CEO

## PROMISSORY NOTE

$30,000.00                                                    Date: September 30, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 30, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on September 30, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

**PROMISSORY NOTE**

$30,000.00                                                          Date: November 1, 2002

1.       For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 1, 2002 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on November 1, 2003.

2.       All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.       All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.       As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.       Events of Default.       Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)       Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)       If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)       If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)       The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.       Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____

Ross Murphy, CEO

## PROMISSORY NOTE

$9,000.00                                                              Date: November 19, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mike Lang ("Payee") or any holder of this note the principal sum of Nine Thousand ($9,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 19, 2002 until paid. Payments on said note shall be as follows:

    (a)   The entire balance of principal and interest shall all be immediately due and payable on November 19, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 18,000 warrants for the right to purchase 18,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

    (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

    (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

    (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

    (d)    The dissolution or liquidation of Maker.

    If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

    This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

# Exhibit B



REFCO, INC.
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

048324
CHECK NO.

Date _____ 5/11/01

$ _____ 20,000.00    AMOUNT

Pay

TO
THE
ORDER
OF

Banc Pro

A/C _____ E1296

By _____

By _____    Agent

NON-NEGOTIABLE
AUTHORIZED SIGNATURE    Agent

REFCO, INC.
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

048325
CHECK NO.

Date _____ 5/11/01

$ _____ 20,000.00    AMOUNT

Pay

TO
THE
ORDER
OF

Banc Pro

A/C _____ H1H97

By _____

By _____    Agent

NON-NEGOTIABLE
AUTHORIZED SIGNATURE    Agent

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**054375**

CHECK NO.

Date _____ 1/-. 02 _____

AMOUNT

$ ____ 30,000.00 _____

Pay _____

A/C _____ H1Z96 _____

By _____ Agent

By ____ NON-NEGOTIABLE ____
AUTHORIZED SIGNATURE       Agent

TO
THE      Banc Pro
ORDER
OF

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**054989**

CHECK NO.

1/31/02
Date _____

AMOUNT

$ ____ 30,000.00 _____

Pay _____

A/C _____ H1Z96 _____

By _____ Agent

By ____ NON-NEGOTIABLE ____
AUTHORIZED SIGNATURE       Agent

TO
THE      Banc Pro
ORDER
OF

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**055663**
CHECK NO.

Date _____ 2/27/02

AMOUNT

Pay _____    $ _____ 35,000.00 _____

A/C    H2Z96 _____

TO THE ORDER OF    Banc Pro

By _____ Agent

**NON-NEGOTIABLE**

By _____ Agent
AUTHORIZED SIGNATURE

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**055581**
CHECK NO.

Date _____ 2/22/02

AMOUNT

Pay __ Ten Thousand Dollars & 00/100 _____    $ _____ 10,000.00 _____

A/C    H1Z96 _____

By _____ Agent

TO THE ORDER OF    Banc Pro

**NON-NEGOTIABLE**

By _____ Agent
AUTHORIZED SIGNATURE

---

**REFCO, INC.**
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
233 S. WACKER DRIVE, SUITE 2400
CHICAGO, ILLINOIS 60606

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

**055389**
CHECK NO.

Date _____ 2/14/02

AMOUNT

20,000.00

Pay _____    $ _____

A/C    H1Z96 _____

By _____ Agent

TO THE ORDER OF    Banc Pro

**NON-NEGOTIABLE**

By _____ Agent
AUTHORIZED SIGNATURE

M. lang



REFCO LLC
HAMMER TRADING DIVISION
CUSTOMER SEGREGATED FUNDS
550 W. JACKSON, 11TH FLOOR
CHICAGO, ILLINOIS 60661

2-28/710

Harris Trust and
Savings Bank
Chicago, Illinois 60690

CHECK NO.

065665

Date___ 2/14/03

AMOUNT

$    8,500.00

Pay

A/C ___ H1296

Banc Pro

TO
THE
ORDER
OF

NON-NEGOTIABLE

By ___                                    Agent
                            AUTHORIZED SIGNATURE

By ___                                    Agent

# Exhibit C

# PROMISSORY NOTE

$10,000.00

Date: January 13, 2003

1.    FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Ten Thousand (U.S. $10,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)    The entire Principal plus all accrued and unpaid interest shall be paid on January 13, 2008.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.    As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5      An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)  The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default(as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:       _Ross Murphy_____
        Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$3,000.00

Date: June 10, 2003

1.   FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Three Thousand (U.S. $3,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

   (a)   The entire Principal plus all accrued and unpaid interest shall be paid on June 10, 2008.

2.   All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.   All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.   As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 6,000 warrants for the right to purchase 6,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5   An "Event of Default" shall occur under this Note if any of the following events occurs:

   (a)   Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

   (b)   If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

   (c)   If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

   (d)   The dissolution or liquidation of Maker;

   If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.   <u>Other Matters</u>

   This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

   No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:     _Ross Murphy_____
        Ross Lee Murphy, CEO

# PROMISSORY NOTE

$15,000.00                                                    Date: September 19, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Fifteen Thousand (U.S. $15,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

      (a)     The entire Principal plus all accrued and unpaid interest shall be paid on September 19, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 30,000 warrants for the right to purchase 30,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5      An "Event of Default" shall occur under this Note if any of the following events occurs:

      (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

      (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

      (d)  The dissolution or liquidation of Maker;

      If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

      This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

      No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:       BancPro, Inc., Inc.

By:       _Ross Murphy_____
          Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$7,500.00

Date: October 10, 2003

1.     FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Seven Thousand Five Hundred (U.S. $7,500.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

     (a)     The entire Principal plus all accrued and unpaid interest shall be paid on October 10, 2008.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.     As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 15,000 warrants for the right to purchase 15,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5     An "Event of Default" shall occur under this Note if any of the following events occurs:

     (a)     Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

     (b)     If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

     (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

     (d)     The dissolution or liquidation of Maker;

     If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.     Other Matters

     This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

     No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:    _Ross Murphy_____
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$5,500.00

Date: October 30, 2003

1.    FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Five Thousand Five Hundred (U.S. $5,500.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)    The entire Principal plus all accrued and unpaid interest shall be paid on October 30, 2008.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.    As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 11,000 warrants for the right to purchase 11,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5    An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)    Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)    If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)    The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the

hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:        _Ross Murphy_
        Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                             Date: March 9, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

   (a)      The entire Principal plus all accrued and unpaid interest shall be paid on March 9, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

   (a)      Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

   (b)      If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

   (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

   (d)      The dissolution or liquidation of Maker;

   If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      Other Matters

   This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

   No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:      BancPro, Inc., Inc.


By:      _____
         Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                    Date: April 5, 2005

1.    FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

   (a)    The entire Principal plus all accrued and unpaid interest shall be paid on April 5, 2010.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.    As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5    An "Event of Default" shall occur under this Note if any of the following events occurs:

   (a)    Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

   (b)    If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

   (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

   (d)    The dissolution or liquidation of Maker;

   If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.    <u>Other Matters</u>

   This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

   No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:      _Ross Murphy_
       Ross Lee Murphy, CEO

# PROMISSORY NOTE

$30,000.00

Date: May 18, 2005

1.     FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay     to     Mike     Lang     ("Payee")     or     any     holder     of     this     note     sum     of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)     The entire Principal plus all accrued and unpaid interest shall be paid on May 18, 2010.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.     As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5     An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)  The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:      _Ross M. Murphy_____
         Ross Lee Murphy, CEO

# PROMISSORY NOTE

$20,000.00                                                          Date: July 19, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mike Lang ("Payee") or any holder of this note sum of Twenty Thousand (U.S. $20,000.00) dollars, (the "Principal").  Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)      The entire Principal plus all accrued and unpaid interest shall be paid on July 19, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)      Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)      If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)      The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:    _____
       Ross Lee Murphy, CEO