# Exhibit D

# PROMISSORY NOTE

$50,000.00

Date: March 20, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 20, 2002 until paid. Payments on said note shall be as follows:

     (a) The entire balance of principal and interest shall all be immediately due and payable on March 20, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

     (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

     (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

     (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

     (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.   Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:   _Ross Murphy_____

     Ross Murphy, CEO

## PROMISSORY NOTE

$50,000.00                                                                     Date: March 29, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from March 29, 2002 until paid. Payments on said note shall be as follows:

      (a) The entire balance of principal and interest shall all be immediately due and payable on March 29, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

    (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

    (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

    (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

    (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2



COPY

## PROMISSORY NOTE

$50,000.00                                                                    Date: April 8, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from April 8, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on April 8, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _Ross Murphy_____
       Ross Murphy, CEO



# PROMISSORY NOTE

$50,000.00

Date: June 5, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from June 5, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on June 5, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    **Events of Default.**    Maker shall be in default if any of the following events ("Events of Default") occur:

(a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    **Other Matters**

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____
Ross Murphy, CEO

2

# PROMISSORY NOTE

$50,000.00

Date: August 22, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from August 22, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on August 22, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     _Events of Default._     Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:  _Ross Murphy_____
     Ross Murphy, CEO

COPY

# PROMISSORY NOTE

$50,000.00                                            Date: October 4, 2002

1.　For value received, the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Mark Giangreco ("Payee") or any holder of this note the principal sum of Fifty Thousand ($50,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from October 4, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on October 4, 2003.

2.　All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.　All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.　As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 100,000 warrants for the right to purchase 100,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.　Events of Default.　Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)　Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)　If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)　If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)　The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.　Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
Ross Murphy, CEO

# Exhibit E

## PROMISSORY NOTE

$30,000.00                                              Date: December 20, 2002

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

        (a)     The entire Principal plus all accrued and unpaid interest shall be paid on December 20, 2007.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

        (a)     Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

        (b)     If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

        (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

        (d)     The dissolution or liquidation of Maker;

        If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

        This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

        No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:      _Ross Lee Murphy_
         Ross Lee Murphy, CEO

# PROMISSORY NOTE

$20,000.00

Date: August 19, 2003

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Twenty Thousand (U.S. $20,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

       (a)      The entire Principal plus all accrued and unpaid interest shall be paid on August 19, 2008.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

       (a)   Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

       (b)   If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

       (c)   If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

       (d)   The dissolution or liquidation of Maker;

       If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

       This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

       No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:    _Ross Murphy_
       Ross Lee Murphy, CEO

# PROMISSORY NOTE

$30,000.00                                                                Date: September 23, 2003

1.    FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

      (a)    The entire Principal plus all accrued and unpaid interest shall be paid on September 23, 2008.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.    As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5    An "Event of Default" shall occur under this Note if any of the following events occurs:

      (a)  Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

      (b)  If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

      (c)  If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

      (d)  The dissolution or liquidation of Maker;

      If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.    <u>Other Matters</u>

      This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

      No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER:        BancPro, Inc., Inc.


By:    _Ross L. Murphy_
       Ross Lee Murphy, CEO

2

# PROMISSORY NOTE

$30,000.00                                                              Date: November 22, 2005

1.      FOR VALUE RECEIVED, the undersigned, BancPro, Inc., a Colorado corporation ("Maker") promises to pay to Mark Giangreco ("Payee") or any holder of this note sum of Thirty Thousand (U.S. $30,000.00) dollars, (the "Principal"). Interest shall accrue daily on the unpaid balance of the Loan at the Interest Rate of 8% on the basis of the actual number of days in the computation period using a 365-day year. Principal, accrued interest and all other sums payable hereunder to be paid in lawful money of the United States of America as follows:

(a)      The entire Principal plus all accrued and unpaid interest shall be paid on November 22, 2010.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this note shall first be applied to the payment of any costs, fees, or other charges incurred in connection with the indebtedness evidenced hereby, next to payment of accrued interest and then to the reduction of the principal balance.

4.      As additional consideration for this Note, Maker shall assign all right, title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc., that Maker owns.

5       An "Event of Default" shall occur under this Note if any of the following events occurs:

(a)   Default by Maker in the payment of any amount due on this Note when the same becomes due and payable;

(b)   If Maker shall make a general assignment for the benefit of creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker;

(c)   If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws which is not discharged within twenty (20) days after such petition is filed;

(d)   The dissolution or liquidation of Maker;

If an Event of Default occurs, Holder may, at its option, may demand that the entire balance of this Note become immediately due and payable.

6.      <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity and no failure by Payee or Maker, or any other person, firm corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power

or remedy available to Payee. Should the indebtedness represented by this Note, or any part thereof be placed in the hands of an attorney for collection after an event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorney fees, costs and expenses.

All of the provisions of this Note shall bind an inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note shall be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER:        BancPro, Inc., Inc.



By:    _Ross Murphy_
       Ross Lee Murphy, CEO


2

Exhibit F

## PROMISSORY NOTE

$25,000.00

Date: April 15, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of David Gripp ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (6%) per annum from April 15, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on April 15, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

# Exhibit G

## PROMISSORY NOTE

$25,000.00                                                     Date: September 3, 2002

1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of John Karavidas ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from September 3, 2002 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on September 3, 2003.

2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.     Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.
a
pr

By: _____
Ross Murphy, CEO

2

# Exhibit H

# PROMISSORY NOTE

$20,000.00

Date: May 14, 2001

1.   For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Chris Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from May 14, 2001 until paid. Payments on said note shall be as follows:

> (a)  The entire balance of principal and interest shall all be immediately due and payable on November 14, 2001.

2.   All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.   All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.   As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.   Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _Ross Murphy_____
       Ross Murphy, CEO

## PROMISSORY NOTE

$20,000.00                                                      Date: October 15, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Chris Lang ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from October 15, 2002 until paid. Payments on said note shall be as follows:

(a)  The entire balance of principal and interest shall all be immediately due and payable on October 15, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____
     Ross Murphy, CEO

# Exhibit I

# PROMISSORY NOTE

$25,000.00

Date: April 24, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ron Lavin ("Payee") or any holder of this note the principal sum of Twenty Five Thousand ($25,000.00) Dollars, (the "Principal").   Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from April 24, 2002 until paid. Payments on said note shall be as follows:

      (a)  The entire balance of principal and interest shall all be immediately due and payable on April 24, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 50,000 warrants for the right to purchase 50,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

      (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

      (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

      (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

      (d)    The dissolution or liquidation of Maker.

      If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    <u>Other Matters</u>

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By: _____
Ross Murphy, CEO

Exhibit J

## PROMISSORY NOTE

$10,000.00                                                                    Date: May 30, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Brian McCormick ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from May 30, 2001 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on November 30, 2001.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.


MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

2

# Exhibit K



**PROMISSORY NOTE**

$10,000.00                                          Date: August 21, 2001

     1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of John R. Ridge ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from August 21, 2001 until paid. Payments on said note shall be as follows:

          (a) The entire balance of principal and interest shall all be immediately due and payable on February 21, 2002.

     2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

     3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

     4.     As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

     5.     Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

          (a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

          (b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

          (c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

          (d)     The dissolution or liquidation of Maker.

     If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By: _____
    Ross Murphy, CEO

2

# Exhibit L

## PROMISSORY NOTE

$10,000.00

Date: August 20, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Terry Shoemaker ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of twelve percent (12%) per annum from August 20, 2001 until paid. Payments on said note shall be as follows:

> (a) The entire balance of principal and interest shall all be immediately due and payable on February 20, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional good and valuable consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

> (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

> (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

> (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

> (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:    _____
       Ross Murphy, CEO

# PROMISSORY NOTE

$5,000.00                                                    Date: November 19, 2002

     1.     For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Terry Shoemaker ("Payee") or any holder of this note the principal sum of Five Thousand ($5,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of twelve percent (12%) per annum from November 19, 2002 until paid. Payments on said note shall be as follows:

          (a)    The entire balance of principal and interest shall all be immediately due and payable on November 19, 2003.

     2.     All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

     3.     All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

     4.     As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 10,000 warrants for the right to purchase 10,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

     5.    Events of Default.     Maker shall be in default if any of the following events ("Events of Default") occur:

          (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

          (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

          (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

          (d)    The dissolution or liquidation of Maker.

     If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

     6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _Ross Murphy_____

Ross Murphy, CEO

2

Exhibit M

# PROMISSORY NOTE

$20,000.00                                                                        Date: July 6, 2001

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ken Weislak ("Payee") or any holder of this note the principal sum of Twenty Thousand ($20,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from July 6, 2001 until paid. Payments on said note shall be as follows:

     (a)  The entire balance of principal and interest shall all be immediately due and payable on January 6, 2002.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 40,000 warrants for the right to purchase 40,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

     (a)      Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

     (b)      If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

     (c)      If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

     (d)      The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.


By:  _____
     Ross Murphy, CEO

2

# PROMISSORY NOTE

$10,000.00                                                    Date: November 21, 2002

1.      For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of Ken Weislak ("Payee") or any holder of this note the principal sum of Ten Thousand ($10,000.00) Dollars, (the "Principal"). Interest on the unpaid principal amount shall be at the rate of six percent (6%) per annum from November 21, 2002 until paid. Payments on said note shall be as follows:

(a) The entire balance of principal and interest shall all be immediately due and payable on November 21, 2003.

2.      All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.      All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.      As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 20,000 warrants for the right to purchase 20,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.      Events of Default.      Maker shall be in default if any of the following events ("Events of Default") occur:

(a)     Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

(b)     If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

(c)     If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

(d)     The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.      Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty.

Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee. Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:  _Ross Murphy_

Ross Murphy, CEO

# Exhibit N

## PROMISSORY NOTE

$30,000.00

Date: December 10, 2002

1.    For value received the undersigned, BancPro, Inc., a Colorado Corporation ("Maker"), hereby promises to pay to the order of John Robert Wiltgen ("Payee") or any holder of this note the principal sum of Thirty Thousand ($30,000.00) Dollars, (the "Principal").  Interest on the unpaid principal amount shall be at the rate of eight percent (8%) per annum from December 10, 2002 until paid. Payments on said note shall be as follows:

>   (a)  The entire balance of principal and interest shall all be immediately due and payable on December 10, 2003.

2.    All payments shall be made in lawful money of the United States of America at such place as the Payee may from time to time in writing appoints.

3.    All payments on this Note shall be applied first to the payment of any costs, fees or other charges incurred in connection with the indebtedness evidenced hereby, next to the payment of accrued interest and then to the reduction of the principle balance.

4.    As additional consideration for this Note, Maker shall assign all right title and interest to Payee in 60,000 warrants for the right to purchase 60,000 shares at an exercise price of $00.01 per share of IMSure Network, Inc. that Maker owns.

5.    Events of Default.    Maker shall be in default if any of the following events ("Events of Default") occur:

>   (a)    Default by Maker in the payment of the amount due on this Note when the same becomes due and payable.

>   (b)    If Maker shall make a general assignment for the benefit of Creditors, or shall file a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against either Maker in any such proceeding or shall seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of Maker.

>   (c)    If there shall be filed against Maker any petition or application for relief under any bankruptcy or similar laws that is not discharged within twenty (20) days after such petition is filed.

>   (d)    The dissolution or liquidation of Maker.

If an Event of Default occurs, at its option, may demand that the entire balance of this note become immediately due and payable.

6.    Other Matters

This Note may be prepaid in whole or in part at any time and from time to time without penalty. Any prepayments shall first be applied to payment of interest and the balance to principal.

No delay or failure in declaring any such default or in enforcing any such right, power or remedy, and no course of dealing between Payee and Maker, or any other person, firm, corporation or entity, and no failure by Payee or Maker, or any other person, firm, corporation or entity to act in good faith, shall constitute a waiver of any right, power or remedy available to Payee, or in any way or manner prejudice, impair, diminish or restrict any right, power or remedy available to Payee.  Should the indebtedness represented by this Note or any part thereof be placed in the hands of attorneys for collection after an Event of Default (as defined herein), Maker agrees to pay, in addition to the Principal and interest due and payable thereon, all costs of collecting this Note or exercising any of Payee's rights herein, including reasonable attorneys' fees, costs and expenses.

All of the provisions of this Note shall bind and inure to the benefit of Maker, Payee and their respective successors and assigns and, in particular, shall inure to the benefit of and be enforceable by holder or holders.

This Note is to be construed in accordance with the laws of the State of Arizona, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

MAKER
BancPro, Inc.

By:    _____
       Ross Murphy, CEO

# Exhibit O

# BANCPRO, INC.

**1745 S ALMA SCHOOL RD #205**
**MESA, AZ 85210**
**480.730.1500**
**FAX 480.730.1501**
**Email: dstanley@bancpro.com**

September 13, 2004

John Robert Wiltgen



Dear Mr. Wiltgen:

I have compared my accounting with your accountant's calculations as of July 31, 2004. I have found a couple of discrepancies between my calculations and your accountant's calculations. From my calculations BancPro, Inc. owes you a balance of $52,843.83.

In regards to the accountant's spreadsheet the note dated 6/25/01 is actually dated 7/25/01. Following is a spreadsheet with my calculations. If you have any questions, please don't hesitate to call me.

Sincerely,

Donna Stanley
Controller

| Loans | Date | Principal | Interest | Pmts | Balance Due |
|---|---|---|---|---|---|
| Loan 1 | 6/18/2001 | 10,000 | 2,496.44 | 6,000 | 6,496.44 |
| Loan 2 | 7/25/2001 | 10,000 | 2,415.34 | | 12,415.34 |
| Loan 3 | 12/11/2002 | 30,000 | 3,932.05 | | 33,932.05 |
| Totals: | | $50,000.00 | $8,843.83 | $6,000.00 | $52,843.83 |