UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN,<br><br>Plaintiffs,<br><br>v.<br><br>BANCPRO, INC.,<br><br>Defendant. | Case No.: 07-cv-6424<br><br>Judge David H. Coar<br><br>Magistrate Judge Michael T. Mason |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION**

Plaintiffs, Mike Lang, Mark Giangreco, David Gripp, John Karavidas, Chris Lang, Ron Lavin, Brian McCormick, John Ridge, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders"), for their Motion for Default Judgment and Reformation against Defendant, BancPro, Inc. ("BancPro"), pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, state as follows:

1. On February 6, 2008, the Noteholders filed their Motion for Entry of Default against BancPro (Doc. no. 14), and on March 27, 2008, the Court entered a Clerk's Default against BancPro. (Doc. no. 19.)

2. Rule 55(b)(1) specifically provides that: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for failure to appear."

3.      BancPro owes each of the Noteholders a sum certain or a sum that can be made certain by computation.

4.      Accordingly, the Noteholders hereby move for default judgment against BancPro pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

5.      As established by the Declaration of W. Joel Vander Vliet, which is attached to the Memorandum in Support of this Motion as Exhibit A, as of May 7, 2008, BancPro owed the Noteholders the following amounts representing the outstanding principal balance of the promissory notes they hold plus interest, with additional interest accruing at the following daily rates:

| Noteholder | Amount Due and Owing (as of May 7, 2008) | Daily Interest |
|---|---|---|
| Mike Lang | $906,749.92 | $123.56 |
| Mark Giangreco | $554,172.05 | $73.42 |
| David Gripp | $34,098.63 | $4.11 |
| John Karavidas | $20,323.08 | $2.89 |
| Chris Lang | $57,855.34 | $7.67 |
| Ron Lavin | $34,061.64 | $4.11 |
| Brian McCormick | $15,553.97 | $2.19 |
| John Ridge | $15,372.05 | $2.19 |
| Terry Shoemaker | $26,342.47 | $4.93 |
| Ken Weislak | $44,223.56 | $6.03 |
| John Wiltgen | $56,417.53 | $8.77 |

6.      In accordance with the express terms of the promissory notes at issue, the Noteholders are entitled to recover their costs of collecting the notes or exercising their rights as payees, including their reasonable attorneys' fees, costs, and expenses.  (See Promissory Notes attached to the Amended Complaint as Exhibits A and C through N.)  As of the filing of this Motion, the Noteholders have incurred reasonable and necessary attorneys' fees, costs, and expenses of $21,600.76.  (See Declaration of Peter F. Lovato, III, attached to the Memorandum in Support of this Motion as Exhibit B.)

7. In further support of this Motion, the Noteholders attach and incorporate by reference their Memorandum in Support.

WHEREFORE, the Noteholders respectfully request that the Court enter:

    a. an Order of reformation of the notes identified in paragraphs 23 and 28 of the Amended Complaint to reflect the parties' intent that those notes be for one-year (not five-year) terms;

    b. default judgment in favor of Noteholder Mike Lang and against BancPro, awarding damages in the total amount of $906,749.92, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

    c. default judgment in favor of Noteholder Mark Giangreco and against BancPro, awarding damages in the total amount of $554,172.05, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

    d. default judgment in favor of Noteholder David Gripp and against BancPro, awarding damages in the total amount of $34,098.63, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

    e. default judgment in favor of Noteholder John Karavidas and against BancPro, awarding damages in the total amount of $20,323.08, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

    f. default judgment in favor of Noteholder Chris Lang and against BancPro, awarding damages in the total amount of $57,855.34, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

g. default judgment in favor of Noteholder Ron Lavin and against BancPro, awarding damages in the total amount of $34,061.64, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

h. default judgment in favor of Noteholder Brian McCormick and against BancPro, awarding damages in the total amount of $15,553.97, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

i. default judgment in favor of Noteholder John Ridge and against BancPro, awarding damages in the total amount of $15,372.05, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

j. default judgment in favor of Noteholder Terry Shoemaker and against BancPro, awarding damages in the total amount of $26,342.47, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

k. default judgment in favor of Noteholder Ken Weislak and against BancPro, awarding damages in the total amount of $44,223.56, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

l. default judgment in favor of Noteholder John Wiltgen and against BancPro, awarding damages in the total amount of $56,417.53, plus all additional interest accruing between May 7, 2008, and satisfaction of judgment;

m. an Order awarding all of the Noteholders' costs of collecting the promissory notes and/or exercising their rights as payees, including their reasonable attorneys' fees, costs, and expenses; and

n. an Order granting such other and further relief as the Court deems just, appropriate and equitable under the circumstances.

Dated:  May 1, 2008	Respectfully submitted,


	/s/ W. Joel Vander Vliet	
	Peter F. Lovato, III
	Ellen D. Jenkins
	W. Joel Vander Vliet
	BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
	200 E. Randolph Drive, Suite 7200
	Chicago, IL  60601
	312-946-4200

	Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, W. Joel Vander Vliet, hereby certify and affirm that a true and correct copy of the foregoing Motion for Default Judgment and Reformation was served upon the following on May 1, 2008, via Federal Express overnight delivery:

BancPro, Inc.
1745 South Alma School Road #205
Mesa, Arizona  85210

                                            /s/ W. Joel Vander Vliet