UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN, | ) ) ) ) ) ) ) | Case No.: 07-cv-6424<br><br>Judge David H. Coar<br><br>Magistrate Judge Michael T. Mason |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BANCPRO, INC., | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION FOR DEFAULT JUDGMENT AND REFORMATION

Plaintiffs, Mike Lang, Mark Giangreco, David Gripp, John Karavidas, Chris Lang, Ron Lavin, Brian McCormick, John Ridge, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders"), submit this Memorandum in Support of Their Motion for Default Judgment and Reformation.

## INTRODUCTION

This case arises out of breaches of contract by Defendant, BancPro, Inc. ("BancPro"), in failing to repay multiple loans made to BancPro by the Noteholders.

After BancPro failed to respond to the Noteholders' Complaint and Amended Complaint, the Court entered an Order of default against BancPro on the Noteholders' motion. Because BancPro is now in default, the allegations of the Amended Complaint as to liability are taken as true, leaving only a determination of the appropriate measure of damages. Because the promissory notes upon which the Noteholders have filed suit provide, with minimal computation,

a sum certain as the appropriate measure of damages, the Noteholders seek entry of a default judgment in their favor and against BancPro for: (1) the full amounts of principal and interest outstanding on each loan, and (2) the Noteholders' reasonable and necessary attorneys' fees, costs, and expenses.

## STANDARD OF REVIEW

Rule 55(b)(1) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for failure to appear."

Where, as here, default has been entered pursuant to Rule 55(a), "the well-pleaded allegations of the complaint relating to liability are taken as true." Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 253 (7th Cir. 1990).  See also Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).  Entry of default by the Clerk of the Court, then, precludes the defendant from contesting the allegations in the complaint.

## FACTS

BancPro failed to appear in this action or file a responsive pleading to either the Complaint or the Amended Complaint.  Accordingly, on February 6, 2008, the Noteholders filed a Motion for Entry of Default against BancPro.  (Doc. no. 14.)  On March 27, 2008, the Court granted the motion, entering a Clerk's Default against BancPro.  (Doc. no. 19.)

Between May 14, 2001, and November 22, 2005, BancPro borrowed money from the Noteholders and executed promissory notes evidencing BancPro's repayment obligations.  Most of these promissory notes are attached to the Amended Complaint and show on their face that they are past due.  Some of the promissory notes, however, have been lost, destroyed, or stolen.

2

(Am. Comp. ¶¶ 19-21, 49-51.)    Arizona law (which governs the promissory notes by their express terms) provides that holders of such instruments are entitled to enforce them so long as the following three statutory requirements are met:

> 1. The person was in possession of the instrument and entitled to enforce it when loss of possession occurred;
>
> 2. The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> 3. The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Ariz. Rev. St. § 47-3309.  Consequently, Noteholders Mike Lang and John Wiltgen are entitled to enforce their lost, destroyed, or stolen promissory notes because: (1) they were in possession of their respective promissory notes and entitled to enforce them when the losses of possession occurred; (2) the losses of possession were not the results of transfers by the Noteholders or lawful seizures; and (3) the promissory notes were destroyed or their whereabouts cannot be determined.  (Am. Compl. ¶¶ 21, 50.)  BancPro is in default on the lost, destroyed, or stolen promissory notes, and, as of May 7, 2008, owes Noteholder Mike Lang $215,023.89 and Noteholder Wiltgen $13,431.23 on the lost, destroyed, or stolen promissory notes.  (Decl. of W. Joel Vander Vliet, attached as Exhibit A.)

Additionally, certain of the promissory notes BancPro issued to Noteholders Mike Lang and Mark Giangreco contain five-year terms unilaterally inserted by BancPro, rather than the one-year terms to which those Noteholders agreed.  (Am. Compl. ¶¶ 24, 29.)  BancPro delayed delivery of those certain promissory notes (which were dated between December 20, 2002, and November 22, 2005) until the summer of 2007.  Inasmuch as it did not repay them within the agreed one-year terms, BancPro is in default on these promissory notes, and, as of May 7, 2008,

owes Noteholder Mike Lang $193,36.18 and Noteholder Giangreco $147,470.68 for the principal and interest on the incorrect promissory notes. (Decl. of W. Joel Vander Vliet, attached as Exhibit A.)

BancPro is also in default on the promissory notes other than the incorrect promissory notes and the lost, destroyed, or stolen promissory notes. As of May 7, 2008, BancPro owed the Noteholders the sums indicated in the following table (inclusive of the amounts due on the incorrect, lost, destroyed, or stolen promissory notes described above). Aggregate interest continues to accrue on the promissory notes at the daily rates indicated in the following table.

| Noteholder | Amount Due and Owing (as of May 7, 2008) | Daily Interest |
|---|---|---|
| Mike Lang | $906,749.92 | $123.56 |
| Mark Giangreco | $554,172.05 | $73.42 |
| David Gripp | $34,098.63 | $4.11 |
| John Karavidas | $20,323.08 | $2.89 |
| Chris Lang | $57,855.34 | $7.67 |
| Ron Lavin | $34,061.64 | $4.11 |
| Brian McCormick | $15,553.97 | $2.19 |
| John Ridge | $15,372.05 | $2.19 |
| Terry Shoemaker | $26,342.47 | $4.93 |
| Ken Weislak | $44,223.56 | $6.03 |
| John Wiltgen | $56,417.53 | $8.77 |

(Decl. of W. Joel Vander Vliet, attached as Exhibit A.) Because it defaulted on the promissory notes, Bancpro is also liable to the Noteholders for their reasonable and necessary attorneys' fees and costs incurred in bringing this action, which, as of March 31, 2008, totaled $21,600.67. (Decl. of Peter F. Lovato, III, attached as Exhibit B.)

## **ARGUMENT**

1.   **No Evidentiary Hearing Is Necessary Because Each Noteholder's Claim Is for a Sum Certain or a Sum That Can Be Made Certain by Computation.**

Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that, when a plaintiff's claim is for a sum certain and a defendant is in default, the clerk shall enter judgment against the defendant for that amount. The Rule states, in full:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for failure to appear and is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Where the claim is for a definite amount, no hearing to determine the amount of damages is necessary. Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). In Dundee, the plaintiff sued for amounts due and owing for shipments of cement. The district court entered a default judgment in the amount of the plaintiff's contractual damages based on exhibits (invoices and a guaranty agreement) submitted by the plaintiffs without conducting an evidentiary hearing. The Court of Appeals held the district court had acted properly with respect to the plaintiff's liquidated damages claims (i.e., on the claims for breach of contract on the cement invoices, issuing bad checks, and breach of the guaranty agreement), noting that a damages hearing is unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." See also United States v. DeFrantz, 708 F.2d 310, 312 (7th Cir. 1983) (affirming entry of default judgment for failure to attend deposition, without hearing, because motion for default judgment specified the amount the district court awarded); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2007) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum

certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.").

2.    **The Noteholders Have Established that Certain Promissory Notes at Issue in this Litigation Should Be Reformed.**

Arizona law recognizes that, in cases of mutual mistake or unilateral mistake coupled with fraud or inequitable conduct, reformation "is a remedy designed to correct a written instrument which fails to express the terms agreed upon by the parties." Isaak v. Massachusetts Indemnity Life Ins. Co., 623 P.2d 11, 14 (Ariz. 1981); Nelson v. Rice, 12 P.3d 238, 241 n.1 (Ariz. Ct. App. 2000).  Under Arizona law, a "contract should be read in light of the parties' intentions as reflected by their language and in view of all the circumstances." Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 398 (Ariz. 1984) (quoting Smith v. Melson, 659 P.2d 1264, 1266 (Ariz. 1983)).  Consequently, in determining whether a contract faithfully represents the parties' agreement, courts take into account "[e]vidence on surrounding circumstances, including negotiation, prior understandings, subsequent conduct and the like." Darner, 682 P.2d at 398.  In particular, the Arizona Supreme Court has stated:

> [T]he parol evidence rule does not apply to a situation where there was a prior agreement and by reason of mutual mistake of fact, instruments have been so framed as not to express the true agreement of the parties.  Such evidence is admissible for the purpose of proving the content of the pre-existing express agreement of the parties to the instrument . . . Therefore a witness' testimony regarding her intent is relevant and admissible when such intent is in issue as it was here.

Rempt v. Borgeas, 583 P.2d 1356, 1358 (Ariz. 1978) (internal citations omitted).

The promissory notes identified in paragraphs 23 and 28 of the Amended Complaint and attached thereto as Exhibits C and E did not represent the parties' agreement because they included five-year terms, rather than the agreed one-year terms.  (Am. Compl. ¶¶ 24, 29.) BancPro's insertion of five-year terms into the promissory notes, contrary to the parties'

agreement, was either inadvertent or fraudulent and inequitable. In either case, reformation is warranted.

### A.    Mutual Mistake

To establish entitlement to reformation because of a mutual mistake, the party seeking reformation must show "that a definite intention on which the minds of the parties had met preexisted the written instrument and that the mistake occurred in its execution." City of Scottsdale v. Burke, 504 P.2d 552, 555 (Ariz. Ct. App. 1972) (quoting Hackin v. Pioneer Plumbing Supply Co., 457 P.2d 312, 320 (Ariz. Ct. App. 1969)).

Noteholders Mike Lang and Mark Giangreco have alleged, in the Amended Complaint and their Declarations, that they had agreed with BancPro that the loans evidenced by the promissory notes identified in paragraphs 23 and 28 of the Amended Complaint and attached thereto as Exhibits C and E would be on the *same terms* as the other loans Lang and Giangreco had made to BancPro, *i.e.*, that they would have one-year terms. (Am. Compl. ¶¶ 24, 29.) Given BancPro's default, these allegations must be taken as true. Despite the agreements with respect to these loans, the promissory notes BancPro drafted contained five-year terms. Thus, if BancPro's insertion of five-year terms into the promissory notes was inadvertent, then the five-year terms nonetheless caused the promissory notes to fail to conform to the parties' agreement, and reformation is warranted.

### B.    Unilateral Mistake

Alternatively, unilateral mistake coupled with fraud or inequitable conduct by the other party to the agreement also provides a basis for reformation.

> Where reformation is sought because of the mistake of one party only, it is essential that fraud or inequitable conduct be found in the other . . . Inequitable conduct which would justify reformation when there is unilateral mistake takes the form of knowledge on the part of one party of the other's mistake . . .

7

Moreover, one whose inequitable conduct has caused the instrument to be accepted with provisions at variance with the true agreement may not set up the other party's negligence in failing to read the instrument.

Darner Motor Sales, 682 P.2d at 401 (internal citations omitted).

As noted above, Noteholders Lang and Giangreco's allegations that they had reached agreements with BancPro prior to its execution of the promissory notes must be taken as true. Despite the agreements, BancPro executed and delivered promissory notes containing five-year terms. If BancPro was not mistaken as to these terms, then its unilateral modification of the promissory notes and concealment of them from Lang and Giangreco by failing to deliver the promissory notes—in some cases for over four years—constitutes fraudulent and inequitable conduct which, considered with Lang and Giangreco's mistakes as to the promissory notes' terms, warrants reformation.

### 3. The Noteholders Have Established Their Entitlement to Recover the Full Amounts Due and Owing under the Promissory Notes.

Under Arizona law, in order to establish a prima facie case for breach of contract, "a plaintiff must show a contract, a breach of contract, and damages." Konrath v. Amphitheater Unified School Dist. No. 10, No. CIV 04-179-TUC-CKJ, 2007 WL 2809026, at *26 (D. Ariz. Sept. 26, 2007) (citing Graham v. Asbury, 112 Ariz. 184, 540 P.2d 656, 657 (1975)).

Through the allegations in their Amended Complaint, the Noteholders have established each element necessary to recover from BancPro under each promissory note. First, BancPro became liable to the Noteholders by executing and signing, through its chief executive officer, Ross Murphy, each promissory note at issue and accepting each loan the Noteholders made to BancPro. Second, BancPro breached its obligations under the promissory notes by failing to make payments when they became due. Finally, the Noteholders have been damaged by

BancPro in the amount due under each promissory note and the costs of collecting on the promissory notes, as established by the Declarations attached to this Memorandum.

## <u>CONCLUSION</u>

For these reasons, the Noteholders respectfully request that the Court grant their Motion for Default Judgment and Reformation.

Dated:  May 1, 2008                    Respectfully submitted,


                                       /s/ W. Joel Vander Vliet_____
                                       Peter F. Lovato, III
                                       Ellen D. Jenkins
                                       W. Joel Vander Vliet
                                       BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
                                       200 E. Randolph Drive, Suite 7200
                                       Chicago, IL  60601
                                       312-946-4200

                                       Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, W. Joel Vander Vliet, hereby certify and affirm that a true and correct copy of the foregoing Memorandum in Support of Motion for Default Judgment and Reformation was served upon the following on May 1, 2008, via Federal Express overnight delivery:

BancPro, Inc.
1745 South Alma School Road #205
Mesa, Arizona  85210


/s/ W. Joel Vander Vliet

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, | ) | |
| DAVID GRIPP, JOHN KARAVIDAS, | ) | Case No.: 07-cv-6424 |
| CHRIS LANG, RON LAVIN, BRIAN | ) | |
| McCORMICK, JOHN RIDGE, TERRY | ) | Judge David H. Coar |
| SHOEMAKER, KEN WEISLAK, and | ) | |
| JOHN WILTGEN, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANCPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF W. JOEL VANDER VLIET IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION**

I, W. Joel Vander Vliet, under penalty of perjury, declare as follows:

1.      I am an associate with the law firm Boundas, Skarzynski, Walsh & Black, LLC ("BSWB"). I am admitted to the bar of the State of Illinois and am admitted to practice in the United States District Court for the Northern District of Illinois. My firm represents Plaintiffs Mike Lang, Mark Giangreco, David Gripp, John Karavidas, Chris Lang, Ron Lavin, Brian McCormick, John Ridge, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders") in the above-captioned proceeding. I have personal knowledge of the facts stated in this Declaration and could competently testify thereto if called as a witness in this matter.

2.      I created a spreadsheet, which is attached to this Declaration, using the documentary evidence attached to the Amended Complaint and additional facts from certain Noteholders' Declarations attached as Exhibits C through E to Plaintiffs' Memorandum of Law in Support of Their Motion for Default Judgment and Reformation ("Memorandum").

3.      Each promissory note on its face clearly indicates, among other things, its date, principal amount, and interest rate.  As reflected in the spreadsheet attached to this Declaration, I used these numbers to compute the interest due on each promissory note using the following well-known and universally accepted formula for calculating simple interest:

$I = P \times R \times T$

Where:   $I$ = interest due

      $P$ = principal amount

      $R$ = annual interest rate

      $T$ = time (in years, such that $T$ = (Current Date – Date of Note)/365)

The sum of the interest due and the principal is the total amount due and outstanding as of May 7, 2008.  To compute the amount of interest accruing daily, I used the same formula, using 1/365 as the value for T.  For the two promissory notes on which BancPro made payments, further computational steps were required, as explained below.

4.      With respect to John Karavidas's promissory note dated September 3, 2002, in the amount of $25,000, BancPro made three payments toward principal, totaling $7,405.92, and four payments toward interest, totaling $4,594.08 (Memorandum, Ex. C, Decl. of John Karavidas ¶ 3).  According to Karavidas's Declaration, BancPro made the following payments toward principal: $2,647.95 on July 28, 2005; $2,294.24 on September 23, 2005; and $2,463.73 on October 5, 2005.  Because the principal on which interest accrued changed each time a payment was made toward principal, I calculated the sum of the interest that accrued between each

2

principal payment in order to determine the total interest accrued. The following are the calculations I performed (as also reflected in the spreadsheet attached to this Declaration):

$I = (P \times R \times T_1) +$

$((P - \$2,647.95) \times R \times T_2) +$

$((P - \$2,647.95 - \$2,294.24) \times R \times T_3) +$

$((P - \$2,647.95 - \$2,294.24 - \$2,463.73) \times R \times T_4)$

$I = (\$25,000 \times 6\% \times 1,058/365) +$

$(\$22,352.05 \times 6\% \times 56/365) +$

$(\$20,057.81 \times 6\% \times 11/365) +$

$(\$17,594.08 \times 6\% \times 945/365)$

$I = \$4,347.95 + \$205.76 + \$36.27 + \$2,733.11$

$I = \$7,323.08$

Where:     $T_1 = (9/03/02 - 7/27/05)$

$T_2 = (7/28/05 - 9/22/05)$

$T_3 = (9/23/05 - 10/04/05$

$T_4 = (10/05/05 - 5/7/08)$

To determine the total amount due, I subtracted the principal and interest payments from the sum of the principal and interest as calculated above, as follows:

Amount due = P + I − (payments)

Amount due = $25,000 + $7,323.08 − ($7,405.92 + $4,594.08)

Amount due = $20,323.08

I calculated interest accruing daily by multiplying the current principal by the interest rate by one day, as follows:

I = P x R x T

I = ($25,000 − $7,405.92) x 6% x 1/365

I = $2.89

5.    With respect to John Wiltgen's promissory note dated July 25, 2001, in the amount of $10,000, on which BancPro made an interest payment of $2,000 (Memorandum, Ex. D, Decl. of John Wiltgen ¶ 3), I subtracted the amount of interest BancPro paid from the total principal and interest due, i.e.:

P + I = P + (P x R x T) − (interest payment)

P + I = $10,000 + ($10,000 x 8% x 2,478/365)

6.      Due to the poor quality of the copy of one of the checks attached as Exhibit B to the Amended Complaint, I was unable to determine the exact date of the loan, only that it was made in January 2002.  See check #054375.  Thus I used the latest date, January 31, 2002, to calculate the interest due on that promissory note.

7.      With respect to the lost, stolen, or destroyed promissory notes identified in paragraph 19 of the Amended Complaint, I inputted interest rates consistent with Mike Lang's Declaration that each of the promissory notes specifies an interest rate identical to that of the promissory notes executed by BancPro of which he is the legal holder and which immediately preceded and followed the lost note in time.  (Memorandum, Ex. E, Decl. of Mike Lang ¶ 3.)

8.      With respect to the lost, stolen, or destroyed promissory note identified in paragraph 49 of the Amended Complaint, I referred to the letter from Donna Stanley, BancPro's controller, to Wiltgen dated September 13, 2004, which is attached to the Amended Complaint as Exhibit O, to determine the interest rate.  That letter contains a spreadsheet calculating the balance due on three notes, including the note identified in paragraph 49 of the Amended Complaint, as of July 31, 2004.  Applying the same formula explained above, I calculated the interest rate on the note to be 8%, as follows:

$$I = P \times R \times T$$

$$R = I/(P \times T) = \$2,415.34/(\$10,000 \times (7/25/01 - 7/31/04)/365)$$

$$R = \$2,415.34/(\$10,000 \times 1102/365)$$

$$R = 0.08 = 8\%$$

I make this Declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that the foregoing is true and correct.

Executed on _5/1/2008_ .

W/ Joel Vander Vliet

**Amounts Due To Noteholders (as of May 7, 2008)**

| Noteholder | Date of Note | Principal | Interest Rate | Payments | Interest (Principal x Interest Rate x Time) | Total Amount Due (Principal + Interest) | Daily Interest (P x I x 1/365) |
|---|---|---|---|---|---|---|---|
| Mike Lang | May 14, 2001 | $20,000 | 8% | | $11,178.08 | $31,178.08 | $4.38 |
| | September 5, 2001 | $25,000 | 8% | | $13,347.95 | $38,347.95 | $5.48 |
| | October 9, 2001 | $10,000 | 8% | | $5,264.66 | $15,264.66 | $2.19 |
| | December 11, 2001 | $30,000 | 8% | | $15,379.73 | $45,379.73 | $6.58 |
| | March 8, 2002 | $15,000 | 6% | | $5,552.88 | $20,552.88 | $2.47 |
| | June 21, 2002 | $30,000 | 6% | | $10,587.95 | $40,587.95 | $4.93 |
| | July 11, 2002 | $20,000 | 6% | | $6,992.88 | $26,992.88 | $3.29 |
| | July 26, 2002 | $40,000 | 6% | | $13,887.12 | $53,887.12 | $6.58 |
| | August 6, 2002 | $10,000 | 6% | | $3,453.70 | $13,453.70 | $1.64 |
| | August 16, 2002 | $40,000 | 6% | | $13,749.04 | $53,749.04 | $6.58 |
| | September 3, 2002 | $20,000 | 6% | | $6,815.34 | $26,815.34 | $3.29 |
| | September 10, 2002 | $10,000 | 6% | | $3,396.16 | $13,396.16 | $1.64 |
| | September 13, 2002 | $20,000 | 6% | | $6,782.47 | $26,782.47 | $3.29 |
| | September 30, 2002 | $30,000 | 6% | | $10,089.86 | $40,089.86 | $4.93 |
| | November 1, 2002 | $30,000 | 6% | | $9,932.05 | $39,932.05 | $4.93 |
| | November 19, 2002 | $9,000 | 6% | | $2,952.99 | $11,952.99 | $1.48 |
| (Subtotal) | | $359,000 | | | $139,362.85 | $498,362.85 | $63.67 |
| (Lost Notes) | May 11, 2001 | $20,000 | 8% | | $11,191.23 | $31,191.23 | $4.38 |
| | January, 2002 | $30,000 | 6% | | $11,283.29 | $41,283.29 | $4.93 |
| | January 31, 2002 | $30,000 | 6% | | $11,283.29 | $41,283.29 | $4.93 |
| | February 14, 2002 | $20,000 | 6% | | $7,476.16 | $27,476.16 | $3.29 |
| | February 22, 2002 | $10,000 | 6% | | $3,724.93 | $13,724.93 | $1.64 |
| | February 27, 2002 | $35,000 | 6% | | $13,008.49 | $48,008.49 | $5.75 |
| | February 14, 2003 | $8,500 | 8% | | $3,556.49 | $12,056.49 | $1.86 |
| (Lost Notes Subtotal) | | $153,500 | | | $61,523.89 | $215,023.89 | $26.79 |
| (Incorrect Notes) | January 13, 2003 | $10,000 | 8% | | $4,254.25 | $14,254.25 | $2.19 |
| | June 10, 2003 | $3,000 | 8% | | $1,178.96 | $4,178.96 | $0.66 |
| | September 19, 2003 | $15,000 | 8% | | $5,562.74 | $20,562.74 | $3.29 |
| | October 10, 2003 | $7,500 | 8% | | $2,746.85 | $10,246.85 | $1.64 |
| | October 30, 2003 | $5,500 | 8% | | $1,990.25 | $7,490.25 | $1.21 |
| | March 9, 2005 | $30,000 | 8% | | $7,594.52 | $37,594.52 | $6.58 |
| | April 5, 2005 | $30,000 | 8% | | $7,416.99 | $37,416.99 | $6.58 |
| | May 18, 2005 | $30,000 | 8% | | $7,134.25 | $37,134.25 | $6.58 |
| | July 19, 2005 | $20,000 | 8% | | $4,484.38 | $24,484.38 | $4.38 |
| (Incorrect Notes Subtotal) | | $151,000 | | | $42,363.18 | $193,363.18 | $33.10 |
| (Total) | | $663,500 | | $0 | $243,249.92 | $906,749.92 | $123.56 |

| Noteholder | Date of Note | Principal | Interest Rate | Payments | Interest (Principal x Interest Rate x Time) | Total Amount Due (Principal + Interest) | Daily Interest (P x I x 1/365) |
|---|---|---|---|---|---|---|---|
| Mark Giangreco | March 20, 2002 | $50,000 | 6% | | $18,410.96 | $68,410.96 | $8.22 |
| | March 29, 2002 | $50,000 | 6% | | $18,336.99 | $68,336.99 | $8.22 |
| | April 8, 2002 | $50,000 | 6% | | $18,254.79 | $68,254.79 | $8.22 |
| | June 5, 2002 | $50,000 | 6% | | $17,778.08 | $67,778.08 | $8.22 |
| | August 22, 2002 | $50,000 | 6% | | $17,136.99 | $67,136.99 | $8.22 |
| | October 4, 2002 | $50,000 | 6% | | $16,783.56 | $66,783.56 | $8.22 |
| | (Subtotal) | $300,000 | | | $106,701.37 | $406,701.37 | $49.32 |
| (Incorrect Notes) | December 20, 2002 | $30,000 | 8% | | $12,920.55 | $42,920.55 | $6.58 |
| | August 19, 2003 | $20,000 | 8% | | $7,552.88 | $27,552.88 | $4.38 |
| | September 23, 2003 | $30,000 | 8% | | $11,099.18 | $41,099.18 | $6.58 |
| | November 22, 2005 | $30,000 | 8% | | $5,898.08 | $35,898.08 | $6.58 |
| | (Incorrect Notes Subtotal) | $110,000 | | | $37,470.68 | $147,470.68 | $24.11 |
| (Total) | | $410,000 | | $0 | $144,172.05 | $554,172.05 | $73.42 |
| David Gripp | April 15, 2002 | $25,000 | 6% | | $9,098.63 | $34,098.63 | $4.11 |
| (Total) | | $25,000 | | $0 | $9,098.63 | $34,098.63 | $4.11 |
| John Karavidas | September 3, 2002 | $25,000 | 6% | $12,000 | $7,323.08 | $20,323.08 | $2.89 |
| (Total) | | $25,000 | | $12,000 | $7,323.08 | $20,323.08 | $2.89 |
| Chris Lang | May 14, 2001 | $20,000 | 8% | | $11,178.08 | $31,178.08 | $4.38 |
| | October 15, 2002 | $20,000 | 6% | | $6,677.26 | $26,677.26 | $3.29 |
| (Total) | | $40,000 | | $0 | $17,855.34 | $57,855.34 | $7.67 |
| Ron Lavin | April 24, 2002 | $25,000 | 6% | | $9,061.64 | $34,061.64 | $4.11 |
| (Total) | | $25,000 | | $0 | $9,061.64 | $34,061.64 | $4.11 |
| Brian McCormick | May 30, 2001 | $10,000 | 8% | | $5,553.97 | $15,553.97 | $2.19 |
| (Total) | | $10,000 | | $0 | $5,553.97 | $15,553.97 | $2.19 |
| John Ridge | August 21, 2001 | $10,000 | 8% | | $5,372.05 | $15,372.05 | $2.19 |
| (Total) | | $10,000 | | $0 | $5,372.05 | $15,372.05 | $2.19 |
| Terry Shoemaker | August 20, 2001 | $10,000 | 12% | | $8,061.37 | $18,061.37 | $3.29 |
| | November 19, 2002 | $5,000 | 12% | | $3,281.10 | $8,281.10 | $1.64 |
| (Total) | | $15,000 | | $0 | $11,342.47 | $26,342.47 | $4.93 |
| Ken Weislak | July 6, 2001 | $20,000 | 8% | | $10,945.75 | $30,945.75 | $4.38 |
| | November 21, 2002 | $10,000 | 6% | | $3,277.81 | $13,277.81 | $1.64 |
| (Total) | | $30,000 | | $0 | $14,223.56 | $44,223.56 | $6.03 |
| John Wiltgen | December 10, 2002 | $30,000 | 8% | | $12,986.30 | $42,986.30 | $6.58 |
| (Lost Note) | July 25, 2001 | $10,000 | 8% | $2,000 | $5,431.23 | $13,431.23 | $2.19 |
| (Total) | | $40,000 | | $2,000 | $18,417.53 | $56,417.53 | $8.77 |
| Totals | | $1,293,500.00 | | $14,000 | $485,670.26 | $1,765,170.26 | $239.88 |

Interest due as of:

May 7, 2008

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN, | ) ) ) ) ) ) ) | Case No.: 07-cv-6424

Judge David H. Coar

Magistrate Judge Michael T. Mason |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BANCPRO, INC., | ) ) ) | |
| Defendant. | ) | |

## DECLARATION OF PETER F. LOVATO, III, IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION

I, Peter F. Lovato, III, under penalty of perjury, declare as follows:

1.     I am a principal of the law firm Boundas, Skarzynski, Walsh & Black, LLC ("BSWB"). I am admitted to the bar of the State of Illinois and am admitted to practice in the United States District Court for the Northern District of Illinois. My firm represents Plaintiffs Mike Lang, Mark Giangreco, David Gripp, John Karavidas, Chris Lang, Ron Lavin, Brian McCormick, John Ridge, Terry Shoemaker, Ken Weislak, and John Wiltgen (collectively, the "Noteholders") in the above-captioned proceeding, and I am the primary attorney handling the matter. I have personal knowledge of the facts stated in this Declaration and could competently testify thereto if called as a witness in this action.

2.     I am familiar with the procedures employed by attorneys and other personnel at BSWB to record their time and the expenses disbursed in connection with client matters.

3.      The customary procedure of BSWB's attorneys and other personnel is to record the time spent on any client matter contemporaneously with the actual work being performed. Time records and records of actual expenses disbursed on behalf of clients are regularly input into BSWB's computerized billing system, enabling the firm to generate invoices that detail the dates of service, identity of attorneys and other personnel, nature of services, amount of time expended, fees charged and costs incurred in connection with any given matter for which a client has engaged BSWB.

4.      The three invoices attached to this Declaration accurately reflect the services provided, time expended, fees charged, and costs incurred by BSWB in the representation of the Noteholders in connection with this action through March 31, 2008.   Certain items in the attached invoices, which reflect privileged attorney-client communications and work product, have been redacted.  I have personally reviewed the attached invoices and can verify that the amounts are reasonable and were necessarily incurred in this case.  The billing rates for the BSWB attorneys and other personnel who worked on this matter are at or below the market rate customarily charged in the Chicago area for comparable services by attorneys and other personnel with similar experience.

5.      As indicated by the attached invoices and summarized by the following table, the Noteholders have incurred attorneys' fees and costs in connection with this action in the aggregate amount of $21,600.76 though March 31, 2008.

| Time Period | Fees and Costs Incurred |
| --- | --- |
| 11/01/07 – 11/29/07 | $6,681.02 |
| 12/01/07 – 2/29/08 | $11,511.57 |
| 3/01/08 – 3/31/08 | $3,408.17 |
| **Total (11/01/07 – 3/31/08)** | **$21,600.76** |

I make this Declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that

the foregoing is true and correct.

Executed on *May 1, 2008*

Peter F. Lovato, III

**BSWB**

ATTORNEYS AT LAW

CHICAGO
LONDON
NEW YORK
PRINCETON

**B o u n d a s ,   S k a r z y n s k i ,   W a l s h   &   B l a c k ,   LLC**
200 East Randolph Drive   Suite 7200   Chicago, Illinois 60601-7719
Phone: 312.946.4200   Fax: 312.946.4272   Web: www.bswb.com
I.R.S. Identification No. 16-1653096

Mike Lang Group
32 Forrest Lane
South Barrington, IL 60010

Attention:   Mike Lang

December 1, 2007

Interim Statement

INVOICE NO. 234173

Re:   Mike Lang, et al. v. Bancpro, Inc.
      Our File No.:        13629

For legal services rendered in connection with the above matter for the period November 1, 2007 through November 29, 2007, such services itemized as follows:

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 11/06/07 | W. Vander Vliet | 1.6 | Draft complaint. |
| 11/07/07 | E. Jenkins | 1.1 | Consider ▊▊▊▊▊▊▊ issues; assist in formulating complaint. |
| 11/07/07 | W. Vander Vilet | 5.6 | Draft complaint; confer with P. Lovato and E. Jenkins re: same; research various issues re: same. |
| 11/08/07 | W. Vander Vilet | 5.4 | Draft complaint; research re: same; confere with P. Lovato re: same. |
| 11/09/07 | W. Vander Vilet | 9.3 | Draft complaint; research re: same; confer with P. Lovato re: same. |
| 11/10/07 | W. Vander Vilet | 4.5 | Draft complaint; research re: same; confer with P. Lovato re: same. |
| 11/12/07 | W. Vander Vilet | 7.3 | Draft complaint; research re: same; confer with P. Lovato re: same; assemble exhibits to same; draft civil cover sheet and attorney appearances. |
| 11/12/07 | E. Jenkins | 8.1 | Review research pertinent to filing of complaint; review and revise draft complaint and emails to clients pertinent to same. |
| 11/13/07 | W. Vander Vliet | 5.5 | Various emails from clients re:  complaint; revise complaint; assemble exhibits; attend to file; research service of complaint; coordinate filing of complaint, civil cover sheet and attorney appearances. |
| 11/13/07 | E. Jenkins | 3.3 | Continue work on Complaint due to be filed today. |
| 11/13/07 | P. Lovato | 1.3 | Work on complaint; several telephone conferences with ▊▊▊▊▊ telephone conference with ▊▊▊▊▊▊ exchange of memoranda with ▊▊▊▊▊ and with ▊▊▊ |
| 11/14/07 | W. Vander Vliet | 0.5 | Phone with Arizona Corporations Commission re: BancPro's lack of registration/registered agent; research re:  same. |

# BSWB

Mike Lang Group
December 1, 2007
Page 2

| 11/15/07 | S. Winston | 0.8 | Contact process servers in the Englewood Colorado area regarding price for services, as requested by J. Vander Vliet. |
| 11/16/07 | W. Vander Vliet | 0.4 | Coordinate service of complaint on defendant. |
| 11/16/07 | P. Lovato | 0.1 | Exchange of memoranda with W. Vander Vliet. |
| 11/19/07 | S. Winston | 1.1 | Contact Special process server in Colorado to serve complaint filed in USDC on Bancpro through its Registered Agent; Draft correspondence to same, Draft Check request for payment to same. |
| 11/28/07 | W. Vander Vliet | 0.1 | Follow up on service of process. |
| 11/28/07 | W. Vander Vliet | 1.3 | Follow-up on service of process; research ████████████ |
| 11/29/07 | W. Vander Vliet | 0.6 | Request ██████████████████ confer with P. Lovato re: same. |

|  | Total Hours | 23.1 | |

|  | Hours Worked | Billed Per Hour | Bill Amount |
| --- | --- | --- | --- |
| P. Lovato | 1.4 | 375.00 | 525.00 |
| E. Jenkins | 11.4 | 315.00 | 3,591.00 |
| E. Jenkins | 1.1 | 0.00 | 0.00 |
| W. Vander Vliet | 8.4 | 225.00 | 1,890.00 |
| W. Vander Vliet | 33.7 | 0.00 | 0.00 |
| S. Winston | 1.9 | 115.00 | 218.50 |

TOTAL FOR SERVICES    $    6,224.50

## DISBURSEMENTS

| Delivery services/messenger | 27.52 |
| Filing Fee - Clerk US District Court | 350.00 |
| Service of process on - Automated Process Service - re Mike Lang Group | 65.00 |
| - - Petty Cash - SDW file complaint with US District court  11/12/07 | 14.00 |

DISBURSEMENTS TOTAL    $    456.52

**TOTAL THIS STATEMENT**    $    **6,681.02**

**BSWB**

PFL:mlw
MIKE01-25897
b1 - 11/30/07 2:40 PM
234173.rtf

This statement includes all time and disbursements presently entered on our system.  Due to certain timing differences, some entries may not be included in this statement.

**\*\*PLEASE NOTE PAYMENT IS DUE IN 30 DAYS\*\***

**REMIT BY MAIL TO:**

Accounts Receivable
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Dr.
Suite 7200
Chicago, IL 60601-7719

**WIRE TRANSFER TO:**

| | |
|---|---|
| Bank: | LaSalle National Bank |
| | 135 S. LaSalle Street |
| | Chicago, IL 60690 |
| ABA No.: | 071000505 |
| Swift Code: | LASLUS44XXX |
| Account Name: | Boundas, Skarzynski, Walsh & Black, LLC |
| Account No.: | 5800-506-312 |

Please provide file numbers and/or invoice numbers on your wire details.

**BSWB**

ATTORNEYS AT LAW

CHICAGO
LONDON
NEW YORK
PRINCETON

Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive   Suite 7200   Chicago, Illinois 60601-7719
Phone: 312.946.4200  Fax: 312.946.4272  Web: www.bswb.com
I.R.S. Identification No. 16-1653096

Mike Lang Group
32 Forrest Lane
South Barrington, IL 60010

March 21, 2008

Interim Statement

Attention:  Mike Lang

INVOICE NO. 234629

Re:  Mike Lang, et al. v. Bancpro, Inc.
     Our File No.:              13629

For legal services rendered in connection with the above matter for the period December 1, 2007 through
February 29, 2008, such services itemized as follows:

| | | | |
|---|---|---|---|
| 12/04/07 | S. Winston | 0.3 | Receive and review Return of Service from Special Process Server; Scan and file accordingly. |
| 12/05/07 | W. Vander Vliet | 1.4 | Review promissory notes and other client documents; draft amended complaint |
| 12/06/07 | W. Vander Vliet | 1.2 | Draft amended complaint |
| 12/07/07 | W. Vander Vliet | 0.2 | Phone with ▓▓▓▓ re: promissory note |
| 12/11/07 | W. Vander Vliet | 0.2 | Confer with P. Lovato re: litigation strategy and ▓▓▓▓ documents |
| 12/18/07 | P. Lovato | 0.2 | Exchange of memoranda with ▓▓▓▓ to respond to inquiry and report developments. |
| 12/21/07 | W. Vander Vliet | 1.8 | Confer with P. Lovato re: litigation strategy; review Judge Coar's order; review service rules; draft amended complaint; email ▓▓▓▓ re: promissory notes; analyze ▓▓▓▓ draft letter to Judge Coar responding to order |
| 12/26/07 | W. Vander Vliet | 0.4 | Review emails from ▓▓▓▓ and ▓▓▓▓ revise amended complaint; email P. Lovato re: same |
| 01/07/08 | P. Lovato | 0.2 | Meeting with ▓▓▓▓ |
| 01/08/08 | W. Vander Vliet | 1.8 | Work on amended complaint |
| 01/08/08 | P. Lovato | 0.2 | Review of court's minute order; address proof issues in light of expected default; review and revise draft Amended Complaint. |
| 01/09/08 | W. Vander Vliet | 0.2 | Correspondence with ▓▓▓▓ re: joining the amended complaint |
| 01/10/08 | W. Vander Vliet | 1.3 | Correspondence with ▓▓▓▓ re: joining amended complaint; work on amended complaint |
| 01/16/08 | W. Vander Vliet | 0.6 | Follow up correspondence with ▓▓▓▓ and ▓▓▓▓ re: |

**BSWB**

Mike Lang Group
March 21, 2008
Page 2

█████████████████████████████████ confer
with P. Lovato re: same

| 01/16/08 | W. Vander Vliet | 1.1 | Prepare amended complaint for electronic filing; file same; coordinate service of same |
| 01/17/08 | S. Winston | 1.3 | Office conference with W. Vander Vliet regarding service of Amended Complaint; Telephone conference with Process server regarding expedited service; Draft check request and transmittal letter to process server requesting same Prepare for overnight delivery. |
| 01/18/08 | W. Vander Vliet | 0.6 | Attend to various issues re: service of amended complaint |
| 01/22/08 | S. Winston | 0.7 | Telephone message for Intake Electronic Filing clerk at USDC regarding request for File summons for service; Update task regarding status and handling; Multiple telephone calls with special process server regarding service of process; telephone conversation with USDC regarding service of amended Complaint; Office conference with J. Vander Vliet regarding same. |
| 01/22/08 | W. Vander Vliet | 0.5 | Attend to various issues re: service of amended complaint. |
| 01/23/08 | S. Winston | 0.1 | Telephone conference with Condello & Associates regarding service of Amended Complaint on BancPro, Inc.; |
| 01/24/08 | S. Winston | 0.3 | Receive and review affidavit of Amended Complaint service on BancPro; Scan to electronic file and forward to hard copy file. |
| 01/29/08 | W. Vander Vliet | 0.1 | Confer with E. Jenkins re: motion for default judgment |
| 01/29/08 | W. Vander Vliet | 1.8 | Legal research for motion for default judgment |
| 01/30/08 | W. Vander Vliet | 2.8 | Draft motion for entry of default, motion for default judgment, memorandum in support, supporting affidavits, and spreadsheet calculating amounts due on various promissory notes |
| 01/31/08 | W. Vander Vliet | 1.5 | Work on motion for default, memorandum in support, and supporting affidavits |
| 01/31/08 | E. Jenkins | 0.5 | Review draft default papers. |
| 02/01/08 | W. Vander Vliet | 1.0 | Work on motion for default judgment papers; research; confer with P. Lovato re: same. |
| 02/01/08 | P. Lovato | 0.4 | Work on motion for default and for default judgment. |
| 02/04/08 | E. Jenkins | 1.0 | Continue revising draft default papers. |
| 02/04/08 | P. Lovato | 0.3 | Review and revise motion for default. |
| 02/05/08 | E. Jenkins | 0.7 | Consider various issues to be addressed pertaining to default papers; conference with P. Lovato re: same. |
| 02/06/08 | W. Vander Vliet | 0.9 | Revise motion for entry of default; draft notice of motion; email |

**BSWB**

Mike Lang Group
March 21, 2008
Page 3

| | | | |
|---|---|---|---|
| | | | issues re: same to P. Lovato; attention to motion for entry of default; confer with P. Lovato re: various issues re: default motions; file motion for entry of default; research re: service of same; telephone conference with clerk's office re: same. |
| 02/06/08 | P. Lovato | 0.5 | Work on finalizing motion for default; telephone conference with J. Vander Vliet re: same. |
| 02/08/08 | W. Vander Vliet | 1.2 | Work on memorandum in support of motion for default judgment and supporting documents. |
| 02/09/08 | W. Vander Vliet | 0.5 | Draft Vander Vliet declaration for motion for default judgment; attention to other issue re: same. |
| 02/11/08 | P. Lovato | 0.3 | Prepare for hearing on motion for judgment; telephone conference with J. Vander Vliet. |
| 02/12/08 | P. Lovato | 1.1 | Prepare for and attend hearing on motion for default; review cases on jurisdictional issue raised by court. |
| 02/17/08 | W. Vander Vliet | 0.7 | Research re: ███████████████████████████ |
| 02/18/08 | P. Lovato | 0.1 | Memorandum from ███████ |
| 02/19/08 | W. Vander Vliet | 1.8 | Research and drafting memorandum in support of jurisdiction. |
| 02/20/08 | W. Vander Vliet | 1.4 | Draft memorandum in support of jurisdiction; research re: same. |
| 02/21/08 | E. Jenkins | 1.0 | Review and revise Memorandum in Support of Jurisdiction. |
| 02/21/08 | P. Lovato | 0.3 | Work on jurisdictional memorandum. |
| 02/22/08 | W. Vander Vliet | 1.1 | Work on jurisdiction memorandum; confer with P. Lovato re: same; draft affidavits for ██████ and ██████ telephone conference with ██████ e: same. |
| 02/22/08 | E. Jenkins | 1.6 | Continue work on Memorandum in Support of Jurisdiction. |
| 02/22/08 | P. Lovato | 0.4 | Telephone conference with ███████ work on jurisdictional memorandum. |
| 02/25/08 | P. Lovato | 0.3 | Exchange of memoranda with ██████ revise and send proposed declaration. |
| 02/26/08 | E. Jenkins | 1.0 | Revise memorandum in support of jurisdiction. |
| 02/26/08 | P. Lovato | 0.7 | Work on memorandum in support of jurisdiction. |
| 02/27/08 | W. Vander Vliet | 0.5 | Revise memorandum in support of jurisdiction and file same. |
| 02/27/08 | E. Jenkins | 0.9 | Final revisions to Memorandum in Support of Jurisdiction (due today). |
| 02/27/08 | P. Lovato | 0.4 | Revise and finalize memorandum of law regarding jurisdiction. |
| | Total Hours | 41.4 | |

**BSWB**

Mike Lang Group
March 21, 2008
Page 4

| | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|
| P. Lovato | 5.2 | 395.00 | 2,054.00 |
| P. Lovato | 0.2 | 375.00 | 75.00 |
| E. Jenkins | 6.7 | 330.00 | 2,211.00 |
| W. Vander Vliet | 21.4 | 250.00 | 5,350.00 |
| W. Vander Vliet | 5.2 | 225.00 | 1,170.00 |
| S. Winston | 2.4 | 120.00 | 288.00 |
| S. Winston | 0.3 | 115.00 | 34.50 |

TOTAL FOR SERVICES     $     11,182.50

DISBURSEMENTS

| | |
|---|---|
| Cab fare | 12.00 |
| Delivery services/messenger | 32.37 |
| Filing fees | 110.00 |
| Pacer Docket Service | 87.20 |
| Service of process on - BancPro, Inc. from Condello & Associates | 75.00 |
| - - Petty Cash - PFL 2/19/08 cab fare to/from motion hearing at Dirksen  Bldg. | 12.50 |

DISBURSEMENTS TOTAL     $     329.07

**TOTAL THIS STATEMENT     $     11,511.57**



PFL.mlw
MIKE01-26698
b1 - 3/21/08 1:42 PM
234629.rtf

This statement includes all time and disbursements presently entered on our system.  Due to certain timing differences, some entries may not be included in this statement.

**\*\*PLEASE NOTE PAYMENT IS DUE IN 30 DAYS\*\***

**BSWB**

Mike Lang Group
March 21, 2008
Page 5

**REMIT BY MAIL TO:**

Accounts Receivable
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Dr.
Suite 7200
Chicago, IL 60601-7719

**WIRE TRANSFER TO:**

Bank:               LaSalle National Bank
                    135 S. LaSalle Street
                    Chicago, IL 60690
ABA No.:            071000505
Swift Code:         LASLUS44XXX
Account Name:       Boundas, Skarzynski, Walsh & Black, LLC
Account No.:        5800-506-312

Please provide file numbers and/or invoice numbers on your
wire details.

**BSWB**
ATTORNEYS AT LAW

CHICAGO
LONDON
NEW YORK
PRINCETON

Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive  Suite 7200  Chicago, Illinois 60601-7719
Phone: 312.946.4200  Fax: 312.946.4272  Web: www.bswb.com
I.R.S. Identification No. 16-1653096

Mike Lang Group
32 Forrest Lane
South Barrington, IL 60010

Attention:  Mike Lang

April 23, 2008

Interim Statement

INVOICE NO. 234942

Re:  Mike Lang, et al. v. Bancpro, Inc.
Our File No.:      13629

For legal services rendered in connection with the above matter for the period March 1, 2008 through March 31, 2008, such services itemized as follows:

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 03/10/08 | P. Lovato | 0.2 | Telephone conference with ▓▓▓▓ |
| 03/17/08 | W. Vander Vliet | 0.3 | Telephone conference with ▓▓▓▓ re: case information. |
| 03/17/08 | P. Lovato | 0.1 | Telephone conference with ▓▓▓▓ |
| 03/24/08 | W. Vander Vliet | 0.5 | Consideration of issues implicated in motion for default judgment; confer with P. Lovato re: ▓▓▓▓ |
| 03/24/08 | P. Lovato | 0.2 | Telephone conference with ▓▓▓▓ re: ▓▓▓▓ exchange of memoranda with J. Vander Vliet. |
| 03/25/08 | W. Vander Vliet | 0.9 | Revise spreadsheet showing principal and interest due each noteholder; email same to ▓▓▓▓ |
| 03/26/08 | W. Vander Vliet | 0.7 | Assist P. Lovato in preparation for hearing. |
| 03/26/08 | P. Lovato | 0.5 | Prepare for hearing. |
| 03/27/08 | W. Vander Vliet | 1.3 | Work on motion for default judgment; confer with P. Lovato re: same; hearing today. |
| 03/27/08 | P. Lovato | 1.3 | Prepare for and attend court hearing on motion for default. |
| 03/28/08 | W. Vander Vliet | 4.1 | Draft memorandum in support of motion for default judgment and affidavits. |
| 03/28/08 | E. Jenkins | 1.2 | Review and revise motion for default judgment, memorandum in support, and associated Affidavits. |
| 03/28/08 | P. Lovato | 0.3 | Exchange of memoranda with clients concerning ▓▓▓▓ work on motion for default judgment. |

Total Hours        11.6

# BSWB

Mike Lang Group
April 23, 2008
Page 2

|  | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|
| P. Lovato | 2.6 | 395.00 | 1,027.00 |
| E. Jenkins | 1.2 | 330.00 | 396.00 |
| W. Vander Vliet | 7.8 | 250.00 | 1,950.00 |

TOTAL FOR SERVICES     $     3,373.00

## DISBURSEMENTS

| | |
|---|---|
| Cab fare | 11.50 |
| Photocopying charges Copy Center | 17.75 |
| Pacer Docket Service | 5.92 |

DISBURSEMENTS TOTAL     $     35.17

TOTAL THIS STATEMENT     $     3,408.17

PFL:mlw
MIKE01-27006
b1 - 4/23/08 1:31 PM
234942.rtf

This statement includes all time and disbursements presently entered on our system. Due to certain timing differences, some entries may not be included in this statement.

**PLEASE NOTE PAYMENT IS DUE IN 30 DAYS**

**BSWB**

Mike Lang Group
April 23, 2008
Page 3

**REMIT BY MAIL TO:**

Accounts Receivable
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Dr.
Suite 7200
Chicago, IL 60601-7719

**WIRE TRANSFER TO:**

| | |
|---|---|
| Bank: | LaSalle National Bank |
| | 135 S. LaSalle Street |
| | Chicago, IL 60690 |
| ABA No.: | 071000505 |
| Swift Code: | LASLUS44XXX |
| Account Name: | Boundas, Skarzynski, Walsh & Black, LLC |
| Account No.: | 5800-506-312 |

Please provide file numbers and/or invoice numbers on your wire details.

Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, | ) | |
| DAVID GRIPP, JOHN KARAVIDAS, | ) | Case No.: 07-cv-6424 |
| CHRIS LANG, RON LAVIN, BRIAN | ) | |
| McCORMICK, JOHN RIDGE, TERRY | ) | Judge David H. Coar |
| SHOEMAKER, KEN WEISLAK, and | ) | |
| JOHN WILTGEN, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANCPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JOHN KARAVIDAS IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION**

I, John Karavidas, under penalty of perjury, declare as follows:

1.      I am a Plaintiff in the above-captioned proceeding. I have personal knowledge of the facts stated in this Declaration and could competently testify thereto if called upon to do so as a witness in this action.

2.      I make this Declaration for the purpose of proving and verifying facts supporting the entry of default judgment against BancPro, Inc. ("BancPro"), the Defendant in this action.

3.      I am the legal holder of the promissory note identified in paragraph 33 of the Amended Complaint, which is attached thereto as Exhibit G. I have received four interest payments, totaling $4,594.08, and three principal payments, in the following amounts, from BancPro:  $2,647.95 on July 28, 2005; $2,294.24 on September 23, 2005; and $2,463.73 on October 5, 2005.

I make this Declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that the foregoing is true and correct.

Executed on ___4/30/2008___ .

John Karavidas

Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN, | ) ) ) ) ) ) ) | Case No.: 07-cv-6424 Judge David H. Coar Magistrate Judge Michael T. Mason |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BANCPRO, INC., | ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF JOHN WILTGEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION**

I, John Wiltgen, under penalty of perjury, declare as follows:

1.    I am a Plaintiff in the above-captioned proceeding.  I have personal knowledge of the facts stated in this Declaration and could competently testify thereto if called upon to do so as a witness in this action.

2.    I make this Declaration for the purpose of proving and verifying facts supporting the entry of default judgment against BancPro, Inc. ("BancPro"), the Defendant in this action.

3.    I am the legal holder of the promissory notes identified in paragraphs 47 and 49 of the Amended Complaint, some of which are attached to thereto as Exhibit N.  I have received no payments from BancPro on the note identified in paragraph 47 of the Amended Complaint.  I have received one interest payment of $2,000.00 from BancPro on the note identified in paragraph 49 of the Amended Complaint.

I make this Declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that

the foregoing is true and correct.

Executed on _May 1, 2008_

_____

John Wiltgen

# Exhibit E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MIKE LANG, MARK GIANGRECO, DAVID GRIPP, JOHN KARAVIDAS, CHRIS LANG, RON LAVIN, BRIAN McCORMICK, JOHN RIDGE, TERRY SHOEMAKER, KEN WEISLAK, and JOHN WILTGEN, | ) ) ) ) ) ) ) ) | Case No.: 07-cv-6424<br><br>Judge David H. Coar<br><br>Magistrate Judge Michael T. Mason |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BANCPRO, INC., | ) ) ) | |
| Defendant. | ) | |

### DECLARATION OF MIKE LANG IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REFORMATION

I, Mike Lang, under penalty of perjury, declare as follows:

1.    I am a Plaintiff in the above-captioned proceeding. I have personal knowledge of the facts stated in this Declaration and could competently testify thereto if called upon to do so as a witness in this action.

2.    I make this Declaration for the purpose of proving and verifying facts supporting the entry of default judgment against BancPro, Inc. ("BancPro"), the Defendant in this action.

3.    I am the legal holder of the promissory notes identified in paragraph 19 of the Amended Complaint. Each of these lost, stolen, or destroyed notes contains terms, including interest rate, identical to those of the notes executed by BancPro of which I am the legal holder and which immediately preceded and followed the lost note in time.

I make this Declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that the foregoing is true and correct.

Executed on 4/25/08 .

Mike Lang